## 69.  HARRELL *v.* MAYOR AND COUNCIL OF MACON.

1. There is no rule of law in this State that where a defect or dangerous excavation exists in a highway and is known to one who elects to use such highway, such election, even if justified by the dictates of ordinary prudence, must, as a matter of law, entail the consequences of a want of ordinary care and prudence.

2. Where a ditch or gully has been left open for several months on the side of a public alley in a city, the alley being used generally as a thoroughfare and being a part of the street, it is not such contributory negligence per se, on the part of a person living near the alley, having knowledge of such ditch or gully, to walk on the alley to her home at night, as she had done on previous occasions, instead of taking another way to her home, as will justify a judgment of nonsuit.

3. It is for the jury to determine, from all the facts and circumstances, whether the location of the ditch, and the hazard to result from an attempt to walk on the alley at night, was so great that the plaintiff, with knowledge of the defect, could not, as a reasonably prudent person, in the exercise of ordinary care, have elected to use said highway instead of taking another route to her home.

Action for damages, from city court of Macon—Judge Hodges. March 22, 1906.

Argued February 6,—Decided March 11, 1907.

*M. R. Freeman, A. L. Miller; J. C. Morcock,* for plaintiff.

*Minter Wimberly,* for defendant.

HILL, C. J.  The plaintiff in error sued to recover the amount of the damage alleged to have been sustained from personal injuries suffered by her as the result of a fall into a ditch in a street of the city of Macon.  At the close of the testimony introduced in behalf of the plaintiff, a motion for nonsuit was made and sustained, and a judgment entered dismissing the case.  This judgment is before us for review.  A motion to nonsuit presents for decision the single question whether or not the evidence introduced in behalf of the plaintiff, assuming it to be true, proves his case as laid (*Reeves* v. *Jackson,* 113 *Ga.* 182; *Kelly* v. *Strouse,* 116 *Ga.* 873 (4 *b, c*), or, in somewhat different phraseology, whether under the facts as alleged and proved by the plaintiff, and all reasonable inferences fairly deducible therefrom, the jury, under the law, can find a verdict in his favor.  This makes it necessary to consider the case as made by the facts proved by the plaintiff and appropriate to the allegations of the petition.

The plaintiff, a woman 62 years of age, was hurt by falling into a ditch or gully on the side of a public alley which was used generally as a thoroughfare, in the city of Macon.  She lived on Elm street, and, some months prior to the accident, the city authorities had worked the street in front of her residence, leaving next to her fence a narrow sidewalk, and making a new sidewalk between this old narrow sidewalk and the street.  A row of brick steps ran from the old sidewalk in front of the plaintiff's house down to the level of the new sidewalk.  These brick steps were not in good repair. From the surface of the street to the new sidewalk was 21 inches and the step up from the new sidewalk to the brick steps was 12 to 14 inches.  There were two ways from the plaintiff's house to the street,—across the old sidewalk down to the new sidewalk, stepping down the brick steps and then to the street; or down the old sidewalk to the alley, and then down the alley in a gentle slope to the street.  On account of the condition of the brick steps, the latter way was most generally used.  On both sides of the alley were ditches and gullies.  On one side the ditch or gully was about

12 inches deep, and on the other side the ditch or gully was two feet deep, two feet wide, and extended for some distance. This was the ditch into which plaintiff fell. There was an electric light near the corner of the street and alley, and, when burning, these ditches or gullies were plainly visible. Plaintiff knew the situation of the ditch or gully into which she fell; it had been in the same condition for four or five months, and she went up and down the alley several times a day. The night of the accident the plaintiff left her residence, went down the old sidewalk next to her fence, to the alley, and then on to the street, as she usually did, on account of the condition of the brick steps across the new sidewalk. The electric light was burning brightly. In returning from church, about nine o'clock, the light was still burning, and, when she reached the alley, just as she turned up the same, the light went out, leaving her in total darkness. She waited a minute for the light to return, but it not doing so, she took four or five steps carefully up the alley, and, knowing she was in the neighborhood of the gully, stopped and stooped down to feel for it. As she stooped down, the ground caved under her feet, and she fell into the gully. The foregoing facts were in accord with the allegations of the petition, and the question for decision is, did the court err in granting a nonsuit?

It is the duty of the city to keep its streets and sidewalks in a safe condition for travel in the ordinary modes, by night as well as by day, and if it fails to do so it is liable for damages for injuries sustained in consequence of such failure. *Mayor of Atlanta v. Perdue, 53 Ga. 607; City of Columbus v. Anglin, 120 Ga. 785.* The whole of the street used by the public must be kept in a reasonably safe condition. *City of Atlanta v. Milam, 95 Ga. 135;* Jones, Neg. Mun. Corp. §77. "The municipality should not allow obstructions or excavations to adjoin the traveled way which will render its use unsafe and dangerous. The public is entitled to the use of the whole street from side to side and from end to end." Jones, Neg. Mun. Corp. §78; Tied. Mun. Corp. §300. "Cities are liable for negligently permitting unguarded excavations near the line of the road or street." Ell. Roads & Str. §613. These principles are cited with approval by our Supreme Court in *City Council of Augusta v. Tharpe, 113 Ga. 155, 156.* In the instant case the evidence shows that the plaintiff was hurt by fall-

ing into a gully or ditch in a public alley, between the sidewalk and the street, and therefore being a portion of the street, and commonly used as a thoroughfare. Whether the gully or ditch, in the place where it was, and of the width and depth that it was, was such an excavation as to render the thoroughfare unsafe for travel by day or night, presented questions of fact for the exclusive determination of the jury, under proper instructions from the court. 15 Am. & Eng. Enc. of Law (2d ed.), 440, and notes. Whether the city had actual notice of the alleged unsafe condition of the street, or whether such alleged unsafe condition had existed for such a length of time that, by reasonable diligence in the performance of its duty, it ought to have known of such condition, were questions of fact. *Mayor of Atlanta* v. *Perdue,* 53 *Ga.* 607, *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 155 (2).

The gully in question having existed for three or four months, we think the jury might well have concluded that the city did have legal notice of its existence. We do not imagine, however, that our learned brother based his judgment of nonsuit on the insufficiency of the proof in these particulars. We infer, from the argument and brief submitted in behalf of the city, that the court adopted the theory that knowledge of the defect in the highway by the plaintiff precluded a recovery for an injury caused by such defect; in other words, that as the plaintiff well knew the condition of the alley and the location of the ditch thereon, when she made use of the alley she assumed the risk incident to such use; or that she was not in the exercise of ordinary care to avoid the result of the negligence of the city, in using the alley at night and after the light had gone out. That the mere knowledge of a dangerous defect in a sidewalk is sufficient to preclude recovery, regardless of circumstances, is not the law. But a person having knowledge of a defect or dangerous condition of a street is bound to use care, according to the circumstances, to avoid injury. On this point, we might well content ourselves with the authority of the Supreme Court in *Samples* v. *Atlanta,* 95 *Ga.* 119, where Mr. Justice Lumpkin, in giving the rule laid down by text-writers and many decisions, deduces therefrom the following as the correct doctrine: "The law is plain and clear, and in a nutshell is as follows: If the danger arising from a defect in a bridge, or other portion of the highway within the limits of a city, is obviously of such character that no

person, in the exercise of ordinary prudence, would attempt to pass over the same, or, in other words, if such an attempt would, of itself, plainly and unequivocally amount to a want of ordinary care and diligence, the court may so instruct the jury as matter of law. But in other cases, the mere knowledge of the existing defect will not prevent a recovery on the part of one who is injured because of the defect, if the use of the bridge or highway in which the defect exists is consistent with ordinary care, and it further appears that the plaintiff did in fact exercise such care. *All cases of this kind should be submitted to the jury, who, in determining what would be ordinary care in the particular instance, should take into consideration and carefully weigh all the facts and circumstances.*"

Between the two extremes of plain, obvious danger, and slight or trivial danger, incident to the use of many public highways, there may be every conceivable degree and kind of danger; and in those cases lying between the two extremes the question of contributory negligence in the use of the street with knowledge of the danger is one for the determination of the jury. Osborne *v.* London & Northwestern Ry. Co., L. R. 21 Q. B. Div. 220, was a case where the facts were similar to those in the one now under consideration. The plaintiff was injured by falling on the steps leading to the defendant's railway station. He knew that the steps were dangerous, but went down carefully, holding the handrail; and it was held that these facts did not show such contributory negligence as to make the maxim "volenti non fit injuria" applicable, and therefore he was entitled to recover. The plaintiff in this case knew of the existence of the ditch, and, when the electric light went out, she carefully went four or five steps up the alley, and, knowing the proximity of the gully, she went down on her hands for the purpose of feeling her way so as to avoid it. Can the court say, as matter of law, that in doing so she was not in the exercise of ordinary care to avoid the danger? Or can the court say, as matter of law, that ordinary care would have compelled her, when the light went out, to retrace her steps and take another way to her home? She testified that this other way was more dangerous and inconvenient than the way by the alley, and, for this reason, pedestrians used the way she took. Can it be doubted that these questions were for the determination of the jury? Negligence is

peculiarly and specially a question for the jury. In the case of *City of Columbus* v. *Ogletree*, 96 *Ga.* 178, the Supreme Court uses the following emphatic language: "If anything is settled in the law of this State, it is that, as a general rule, what will or will not constitute negligence is a question peculiarly for determination by the jury."

The case of Mosheuvel *v.* District of Columbia, 191 U. S. 247, is closely analogous to the present one. The plaintiff, a woman, was hurt by stumbling over a water-box in the sidewalk. It was about four inches square, projecting irregularly above the level of the sidewalk, and was without covering of any kind. It was visible from the door of the plaintiff's home, and had existed, with her knowledge, in the same condition for some months before the accident. She had on a previous occasion stumbled over it; and, because she knew it, she took a long stride to get over it. She usually went around it. She testified that on the day she got hurt, she had the box in view from the time she left her door, had it in mind all the time, and remembered its dangerous character, but that on this occasion she attempted to step over it, instead of going to one side, did not take a sufficiently long step, and put her foot into the hole and was thrown and hurt. The Supreme Court held that under these facts the court erred in directing a verdict for the defendant; because, under the undisputed proof, it was a question for the jury, and not for the court, to determine whether in attempting to step over the box, instead of going around it, she was guilty of such contributory negligence as would prevent her from recovering. In that case the court discusses at length the question of contributory negligence in the use of streets with knowledge of the existence of dangerous defects therein, and declares, that "there is no rule of law that where a defect exists in a highway, and is known to one who elects to use such highway, such election, even if justified by the dictates of ordinary prudence, must, as a matter of law, entail the consequences of a want of ordinary care and prudence." Whether the use of the highway was negligence must in each case be evolved from the facts and circumstances of the particular case, taking into consideration the extent and character of the defect, and the degree of care exercised by the plaintiff in the use of the street with knowledge of the dangerous defect. To hold that the use of a street with knowledge of a dangerous defect

would, as a matter of law, amount to an assumption of the risk in the event of injury, although, in choosing to make use of the street, and in the manner of the use, the greatest degree of judgment and care was exercised, "would be to relieve municipalities of all duty and consequent responsibility concerning defects in highways, provided only they choose to give notice of the existence of such defects." 191 U. S. 247, supra. Of course, under the law in this State, the plaintiff could recover even if guilty of contributory negligence, if the united acts of negligence on her part and on the part of the defendant caused the injury (the damage to be reduced according to the degree of negligence attributed to her), provided, by ordinary care, she could not have avoided the consequences to herself caused by. defendant's negligence.

The able attorney for the city of Macon insists that the plaintiff failed to show any negligence on the part of the city, but that, assuming that such negligence was shown, it was also shown that the plaintiff, by the exercise of ordinary care, could have avoided the consequences to herself caused by such negligence, and therefore she is not entitled to recover. He asserts, that "she voluntarily left an open street and went up an alley which she knew had an open drain or ditch on the side, where she would have to use extreme care, or she would fall into it; that in the dark, just as the light went out, her own common sense ought to have taught her that it was safer to step 14 inches up on safe brick steps in front of her house than to take the risk and negligently go up the alley in the dark, into what was a dangerous place." In reply it was doubtless urged that in the dark, to go the way where she would have been compelled to step up 21 inches from the street to the sidewalk, and then up brick steps out of repair, 12 or 14 inches, was more dangerous than to go up the alley with caution and care to avoid falling into the ditch. These contentions presented clear-cut issues for the jury. The law could not make a selection. "Whether it is obligatory upon the plaintiff to pass over the walk known by her to be unsafe, or to pass around it upon the street, or to take the walk on the opposite side of the street, was a question which it was not the province of the court to determine as a matter of law. It is a question of fact for the jury, whether in passing over a walk known to be dangerous, instead of taking some other route, the plaintiff is, or is not, in the exercise of ordinary care." City of Sandwich v. Dolan,

133 Ill. 177; 191 U. S. 263, supra. The use of a sidewalk with knowledge of its dangerous condition may be evidence of negligence, but it is not negligence as a matter of law.

It is not our purpose in this review of the case to express any opinion on the merits. All we decide is that the plaintiff had sufficiently proved her case to entitle her to have it submitted to the decision of the jury. She was deprived of this right by the judgment of nonsuit; and for this reason, the judgment is

*Reversed.*