### 2543.  HOLLIMAN *v.* WASHINGTON COUNTY.

The court erred in awarding a nonsuit.

DECIDED FEBRUARY 7, 1911.

Action for damages; from city court of Sandersville—Judge Jordan. January 27, 1910.

*Evans & Evans,* for plaintiff.  *A. R. Wright,* for defendant.

POWELL, J.  This was a suit against a county to recover damages for personal injuries received by the plaintiff on account of

his having been hurt by reason of a defective public bridge. The evidence, so far as it tended to show the defendant's negligence, was abundant. The court manifestly did not grant the nonsuit on account of the failure of the plaintiff to show that the defendant was negligent; he doubtless based his judgment on the proposition that the plaintiff had knowledge of the defect in the bridge, and that his use of it after knowledge precluded his recovery, either under the doctrine of contributory negligence or under the principle expressed in the maxim, volenti non fit injuria. It may be that the evidence was sufficient to authorize the judge to hold, as a matter of law, that the plaintiff either knew, or, from his opportunity to know, should have known, of the defect in the bridge, which consisted of a hole created by the rotting away of one of the planks in the flooring. The plaintiff was a R. F. D. carrier and had passed over the bridge some dozen or more times since the hole had come into existence. He said he had never seen it. But for the purposes of the question we are now discussing—whether the court should have granted a nonsuit—we do not deem the question of his knowledge or lack of knowledge controlling. The courts are rather liberal in not imputing contributory negligence to a traveler who uses a highway or bridge, notwithstanding he may have some knowledge of its defective condition. The case is rare where the question of the contributory negligence of the traveler can be solved by the court as a matter of law; in most cases it is exclusively a jury question. See *Harrell* v. *Macon,* 1 *Ga. App.* 413 (58 S. E. 124), and cases there cited. The somewhat deficient eyesight of the plaintiff, and the fact that he had his attention directed to the sorting of his mail and other circumstances appearing in the case, put this case very fairly within the general rule requiring the plaintiff's negligence to be submitted to the jury for determination. In underlying doctrine it is very similar to the case of Mosheuvel v. District of Columbia, 191 U. S. 247, though the two cases are not identical under their facts.        *Judgment reversed.*