16356.  MacDOUGALD CONSTRUCTION CO. v. MEWBORN.

Where a contractor engaged by a municipality in the repair of one of its
streets left a part of the street open to traffic, but placed thereon certain
material which was used in the repair of the other part of the street,
and where an infant riding along the traveled part of the street on a
bicycle in the nighttime was injured by falling from his bicycle when
it struck the material, the mere fact that the material "could have
been seen" would not, as a matter of law, bar the child from recover-
ing from the contractor for his injury, even though the contractor was
negligent only in failing to have the pile of material duly marked by
a light; nor would the child be precluded from recovering in such a
case simply because of having previous knowledge of the condition of
the street and of the presence and location of the material therein.
    DECIDED SEPTEMBER 9, 1925.  REHEARING DENIED SEPTEMBER 30, 1925.

    Action for damages; from Fulton superior court—Judge Bell.
February 19, 1925.

    Application for certiorari was denied by the Supreme Court.

    *King, Spalding, MacDougald & Sibley, Estes Doremus,* for
plaintiff in error.
    *Hewlett & Dennis,* contra.

    BELL, J.   Rono Mewborn, a minor, by next friend, brought suit
against MacDougald Construction Company for $7,000 as damages
for personal injuries alleged to have been caused by the defendant's

negligence.  The petition alleged, that the defendant was engaged
in doing certain paving on Central Avenue, a public thoroughfare
in the City of Atlanta, and had torn up the east side of the street
from the middle to the curb; that the west side had been left open
to traffic, and that the defendant had placed thereon certain piles
of paving material consisting of sand and gravel; that the plaintiff,
who was thirteen years of age, was injured while riding a bicycle
upon the west side of the street when he ran into a pile of the sand;
that his injury occurred "in the nighttime and when it was dark,"
and that the defendant had placed no light or warning on the ob-
struction; that the plaintiff had no warning or knowledge of the
defendant's failure to place a light thereon, and did not know of
the "dangerous location and situation aforesaid."  The only speci-
fication of negligence necessary to be stated is the defendant's fail-
ure to place any light or warning on the sand pile.  The jury found
a verdict in favor of the plaintiff, and the defendant has excepted to
the overruling of its motion for a new trial.  The general grounds
of the motion are not insisted upon in this court.  In the special
grounds error is assigned upon the refusal of certain written re-
quests to charge and upon certain excerpts from the charge as
given.  The requested instructions which the court refused to give
were respectively as follows:  (1) "I charge you as a matter of
law that if the injury to the plaintiff occurred during the day or at
a time when the sand pile could be seen, then you will find for the
defendant," and (2) "I charge you that if you believe from the
evidence that the injury occurred at night, and there were no lights
on or around the sand pile, that if you further find from the evi-
dence that Rono Mewborn had knowledge of the condition of the
street and the presence of the paving material, that the plaintiff
can not recover."  One of the excerpts from the charge to which
the defendant excepted was:  "If you find from the evidence that
the plaintiff knew of the existence of the sand pile, and, knowing
its location, ran into the sand pile, and was injured by his failure
to exercise due care in protecting himself, he would not be entitled
to recover, even if you find that the defendant was guilty of the
negligent act complained of."  The effect of the several assign-
ments of error upon this excerpt was that it instructed the jury that
the plaintiff could recover even if he knew of the existence of the
sand pile and knew of its location, unless they further found that

in running into it he failed to exercise due care in protecting himself. It is insisted that if the plaintiff knew of the existence and location of the sand pile and ran into it under these circumstances, his injury should be attributable to his own act, and that there could have been no issue for the jury as to whether he was in the exercise of due care in protecting himself; that such knowledge on his part would have rendered it immaterial whether the defendant had failed to warn him or not, so that any negligence by the defendant in this respect could not have been the proximate cause of the injury. Our rulings upon the exceptions to which we have just made specific reference will dispose of the main question presented for determination. Complaints were made of other portions of the court's charge, but these do not, in our opinion, require discussion, and need not be set out. The background of issues, or the setting, as made by the evidence, in view of which the alleged errors are to be considered was: The evidence introduced by the plaintiff tended to support the allegations of the petition, although there was a conflict in the testimony as to whether his injury occurred in the early night, or in the late afternoon while the obstruction was plainly visible by daylight. Defendant, in repairing the street, was acting under authority of the mayor and council. The west side of the street was not closed to traffic. The public was allowed to continue to travel upon it as usual. There was a dispute in the evidence as to whether the sand pile had a light on it. An issue was also made as to whether the plaintiff had not in the afternoon of the day of his injury become fully aware of the presence and location of the sand pile. Referring again to the time of the accident, the jury could have found that it happened either during the last moments of twilight or just as all trace of daylight had vanished. It was in the month of March. The plaintiff fixed the time at 6:30 to 6:35 p. m. Mr. Von Hermann, the officer in charge of the United States Weather Bureau in Atlanta, testified, "I should say that after 6:30 or 6:35 it must have been dark. Up to that time you could see all right if your eyes were all right."

1. It would seem that the defendant contractor, while engaged in repairing the street under a contract with the mayor and council, would be subject to no greater liability than that which would rest upon the municipality under like circumstances. 13 R. C. L. 223, § 188. The right of the city or the contractor to place a temporary

obstruction in the street or to close the street wholly or partially when necessary in repairing it is undoubted. *Simon* v. *Atlanta,* 67 *Ga.* 618 (2). In such a case the mere presence of the obstruction would not be unlawful, and there would be no liability against the city or the contractor to a person injured thereby, unless it further appeared that there was a failure to exercise ordinary care and diligence in safeguarding it by those who set it up. The same rule is applicable where the street is closed under circumstances making such action reasonably necessary in repairing it, and one injured in attempting to use the street would have no case against the city or the contractor provided ordinary care had been exercised to warn the public that the street was closed. *City of Blakely* v. *Funderburk,* 33 *Ga. App.* 119 (125 S. E. 602 (1)); *Holliday* v. *Athens,* 10 *Ga. App.* 709 (2) (74 S. E. 67). Our opinion is in accordance with the contentions of the counsel for the plaintiff in error as to each of the propositions just stated. Their correctness does not appear to be controverted by counsel for the defendants in error. Indeed, the petition was not drawn upon the theory that the existence of the sand pile which caused the plaintiff to fall was negligent in itself, but the absence of allegations to the contrary would concede, for the purposes of the present case, that the occupation by the defendant of a part of the street for repairs and the placing of the sand pile upon the other portion of the street was legitimate and proper. The only complaint was the failure of the defendant to place a light upon the material in order that passage might be safe upon the part of the street open to traffic notwithstanding the obstruction. It is important to bear in mind that the street was not entirely closed, but that the west half of it appears to have been open to traffic as usual. This being true, the defendant could be held liable for any damages resulting from any negligence or omission which rendered the street unsafe for travel, but since the only default complained of was in the failure to have the sand pile lighted in the nighttime, the question arises, was the fact that it could have been seen, or was the plaintiff's previous knowledge of its existence and location, such a substitute for the want of a light on it as would make it immaterial whether the defendant had a light on it or not? In other words, could the defendant's alleged omission be accounted to be the proximate cause

of the plaintiff's injury, where he already knew of the condition of the street, or could have become aware of it by sight as he traveled? Under these circumstances, was he at a disadvantage because of defendant's omission? Of course, if in approaching the sand pile he was already aware, or, in the due exercise of his senses and faculties, could have been aware, of everything essential to his safety that the light could have given him notice of, the absence of the light would have made no difference. It is our opinion, however, that although the mere placing of the sand pile in the street may have been entirely proper, and any negligence in reference thereto was only in the failure to have it marked at night, the exceptions to the charge are controlled by the decision of this court in the case of *Harrell* v. *Mayor &c. of Macon,* 1 *Ga. App.* 413 (58 S. E. 124), in which it was held that the mere knowledge of a defect in the street or sidewalk would not prevent a recovery on the part of one who is injured thereby, if his conduct is attended with due care, and that the question of the existence of proper care on the part of the person injured should ordinarily be submitted to the jury, to be determined by them under all the facts and circumstances of the particular case. The question for solution does not involve a differentiation between different kinds of negligence by the party defendant, but relates only to the matter of care on the part of the plaintiff. One of the facts for consideration by the jury in the case at bar was that the plaintiff was a child. "Due care in a child of tender years, is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." Civil Code (1910), § 3474. "The care and diligence required of an infant of tender years is not fixed by any invariable rule with reference to the age of the infant or otherwise. It depends upon the capacity of the particular infant, taking into consideration his age as well as other matters." *McLarty* v. *Southern Ry. Co.* 127 *Ga.* 161 (56 S. E. 297). "Infants under fourteen years of age are chargeable with contributory negligence resulting from a want of such care as their mental and physical capacity fits them for exercising, and assume the risk of those patent, obvious and known dangers which they are able to appreciate and avoid." *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (6) (46 S. E. 674).

22

The first request, properly construed, invoked an instruction that if the sand pile could be seen, whether in day or night, the plaintiff could not recover. It would have been error to charge the jury that if it could have been seen in the nighttime, the plaintiff would be precluded from recovering. According to the request, if it could have been seen by any one, however indistinctly, or at any distance, however slight, the absence of the light thereon could not have mattered. On the contrary, the plaintiff might have been able to see the sand pile without the aid of artificial light, and still have been unable to approach it or to pass safely around it, as he might have done in case there was a light thereon. Again, the plaintiff might have had a general knowledge of the condition of the street and of the presence and location of the paving material, acquired in the daytime, and yet need a warning or reminder when coming within the vicinity thereof in the night-time. A light may have been necessary to guide him safely by an obstruction which he remembered to exist at a certain place, because otherwise he might not be able in the nighttime to locate the place. Each of the requests was defective in ignoring the question of whether the plaintiff was in the exercise of due care. The trial court properly declined both, and instead gave the correct rule in the excerpt complained of. See, in this connection, *Evans* v. *Atlanta,* 139 *Ga.* 443, 446 (77 S. E. 378); *Idlett* v. *Atlanta,* 123 *Ga.* 821 (4) (51 S. E. 709); *Mitchell County* v. *Dixon,* 20 *Ga. App.* 21 (5) (92 S. E. 405); *City of Thomasville* v. *Crowell,* 22 *Ga. App.* 383 (3) (96 S. E. 335). There was no merit in any of the special grounds of the motion for a new trial.

*Judgment affirmed. Stephens, J., concurs. Jenkins, P. J., disqualified.*

### ON MOTION FOR REHEARING.

BELL, J. The plaintiff in error (the defendant in the court below) alleges in its motion for a rehearing that in rendering our decision as above, we overlooked the fact that the "trial court in no part of the charge instructed the jury as to the legal effect of the defendant's evidence,—that is, the court did not instruct the jury that if the accident occurred during the daytime the plaintiff could not recover," and otherwise failed to submit the defendant's contentions as made by the pleadings and the evidence, and as referred to in the motion for rehearing.

The defendant's motion for a new trial complained only of

certain portions of the charge as given, and of the refusal of certain requests to charge, and, therefore, invoked no ruling as to any failure or omission to charge.

We do not think that a failure or omission to charge would be material in the *mere construction* of a request to charge in determining whether it embodied a sound principle of law, appli-- cable to the pleadings and the evidence.

It is claimed in the motion for rehearing that we have made a "tight and close" construction of the requests. The construction which we have placed upon the first request may not be the only construction of which it would be susceptible. If it was reasonably susceptible of that construction (as we think it was) and also of some other, that fact alone would have been a sufficient reason for refusing it, because a request to charge should be clear and unambiguous, and not such as would be calculated to confuse the jury or be misinterpreted by them. We are satisfied that we have not improperly construed either of the requests.

In our original opinion we stated that the public was allowed to travel upon the west side of the street and that this fact was important. This fact did not appear without dispute, but the jury were authorized to infer it from the evidence. The plaintiff testified: The "right-hand side [referring to the west side] was the only side that was open," and that in the morning of the day that he "was hurt that night," "the traffic was using that side of the street."

We would make a similar observation as to the statement of the time of the accident as referred to in the headnote. The result is not changed because these facts were issuable, the jury being authorized to find them to be as claimed by the plaintiff.

Our former ruling is not to be understood as holding that a contractor, in a case of this sort, could not be found to be negligent in placing piles of sand or other like obstructions on one side of a public street while repairing or paving the other side, where the part of the street where such material is located is left open to traffic. Such question is not up for decision in the present case, since the only negligence alleged (so far as material to this discussion) was in the defendant's failure to have the alleged obstruction lighted.

*Motion for rehearing denied. Stephens, J., concurs. Jenkins, P. J., disqualified.*