24213. WILLIAMS *v.* EVANS.

DECIDED FEBRUARY 2, 1935.

*J. D. Quillian, H. C. Cox*, for plaintiff in error.
*Barry Wright, Roberts & Roberts*, contra.

SUTTON, J. M. F. Evans brought suit against E. M. Williams for personal injuries growing out of an automobile accident that occurred on the State highway between Rome, Georgia, and Lindale, Georgia. He alleged that E. M. Williams was a contractor and as such had a contract for certain grading and building of culverts and shoulders on this road. At the time of the accident

Williams, with his crew of workmen, had been engaged in carrying out his contract, doing the work required of him under his contract. The accident is alleged to have occurred about six o'clock in the evening of March 5, 1932. The plaintiff claimed that Williams had made an excavation of considerable size on the side of the road, where he was preparing to build a head-wall for a culvert; that Williams had left certain materials and the form board on the edge of the road, and that these materials and the form board were extending out into the road; that it was dark and raining when he approached this spot; that he could not and did not see the materials and form board on the side of the road; that his car struck the end of the form board, and that this caused him to lose control of the car; that the car ran over the edge of the form board and skidded into the hole dug by Williams on the side of the road. It is alleged that a pile of sand, gravel or crushed stone, to the height of about 4 feet, was left about 25 feet north of the excavation, and that the form board was concealed from the plaintiff by this pile of material, and neither the pile of sand, stone or gravel, nor the excavation, was marked by lights or guard-rails, so that the plaintiff would know of the obstruction and excavation; that the road was a public one, in general use by the public, which was known to the defendant; that as a result of the accident Evans was hurt. Mrs. M. F. Evans, who was in the car with her husband was also injured; that as a result of these injuries and the injuries to his wife, he was put to certain hospital expenses, doctors' bills and medical expenses, which he claimed as part of his damages; that he was permanently injured and that his earning capacity had decreased. It was further alleged that the defendant had left a concrete mixer just across the road from the pile of sand and gravel and the form board, which had the effect of narrowing the road at this point, and that the defendant was negligent in that the road was being used for public traffic and he failed to put out any light or other warning or any notice of danger, and was negligent in that he left said form board projecting into the road and on the paved or traveled portion thereof, and was negligent in leaving said excavation immediately on the side of the highway, unguarded and unlighted.

The defendant demurred to the petition generally and specially. The demurrer was overruled, and to this judgment the defendant excepted pendente lite, and upon these exceptions he duly assigns

error in the bill of exceptions in this court. The defendant admitted, in his answer, that he was the contractor in charge of the improvement of said highway, but denied all the acts of negligence charged to him by the plaintiff in the petition, and claimed that he was in no way responsible for the injuries sustained by the plaintiff.

The case proceeded to trial, and the jury returned a verdict in the plaintiff's favor for $500. The defendant moved for a new trial upon the general grounds alone, the motion was overruled, and to this judgment the defendant excepted and brought the case to this court.

The petition was not subject to general demurrer. The plaintiff alleges that the negligent acts of defendant that resulted in the injuries sued for were done by the defendant in the construction and improvement of a certain public highway, that the highway department had let such work to a contractor, as it could do under the law, and that the contractor had sublet the particular work, from which the alleged negligence arose, to the defendant as an independent contractor. The defendant urges that the plaintiff's injuries were brought about by his own failure to use ordinary care and his lack of diligence, in that he actually knew of the repairs and work being done on the road and of such excavation, and yet drove upon the highway without proper lights and without using proper care for his own safety. We do not think that the petition can be thus properly construed. Plaintiff alleges that he did not know of the obstructions in the road, that the pile of sand or gravel obstructed his vision and he could not see the form board left lying in the edge of the road by the defendant's employees and servants, and that when his car struck this form board it threw it momentarily out of his control, thus causing his car to go into the excavation and turn over. He alleges, in effect, that he was driving upon a public road which, while being repaired, was still open to the public for travel, that he was traveling slowly, that it was a dark and rainy night, that the lights of his car were burning, and that his car was upon the paved portion of the road. "There is no rule of law in this State that where a defect or dangerous excavation exists in a highway and is known to one who elects to use such highway, such election, even if justified by the dictates of ordinary prudence, must, as a matter of law, entail the consequences of a want of ordinary care and prudence." *Harrell* v. *Macon*, 1 *Ga. App.* 413

(58 S. E. 124). In a case like the one under consideration it would at least be a jury question whether the plaintiff exercised the care required of him under the circumstances of this case, for his safety. The use of the highway with the mere knowledge of the repair work being done thereon and of the dangerous excavation near the side of the road under repair, though open to the public for travel, is not as a matter of law such negligence as will preclude a recovery by the plaintiff. "All cases of this kind should be submitted to the jury, who, in determining what would be ordinary care in the particular instance, should take into consideration and carefully weigh all the facts and circumstances." See *Samples* v. *Atlanta*, 95 *Ga.* 110, 119 (22 S. E. 135). Between the two extremes of plain, obvious danger, and slight or trivial danger, incident to the use of many public highways, there may be every conceivable degree and kind of danger; and in those cases lying between the two extremes the question of contributory negligence in the use of the public highway, with knowledge of a dangerous condition therein or at the side thereof, is particularly one for the determination of the jury under appropriate instructions as to the applicable law by the trial judge. The mere fact that the pile of sand, or other material placed in or upon the edge of the highway in question by the defendant contractor, "could have been seen" by the plaintiff, would not, as a matter of law, bar the plaintiff from recovering from the defendant. *MacDougald Construction Co.* v. *Mewborn*, 34 *Ga. App.* 333 (129 S. E. 917). The right of the defendant contractor to place temporary obstructions in or close to the highway, when necessary in the work of improving the same, is unquestioned. *Simon* v. *Atlanta*, 67 *Ga.* 618 (44 Am. R. 739).

Plaintiff alleges that the defendant failed to use ordinary care in safeguarding the same. This would likewise be a question for the jury. "A light may have been necessary to guide him safely by an obstruction which he remembers to exist at a certain place, because otherwise he might not be able in the nighttime to locate the place." 34 *Ga. App.* 338, supra. For other cases along the above lines see *City of Rome* v. *Phillips*, 37 *Ga. App.* 299 (2) (139 S. E. 828); *City of Macon* v. *Jones*, 36 *Ga. App.* 799, 804 (138 S. E. 283), and .cit.; *Heath* v. *L. & N. R. Co.*, 39 *Ga. App.* 619 (147 S. E. 793); *Idlett* v. *Atlanta*, 123 *Ga.* 821, 823 (51 S. E.

709); *McFarland* v. *McCaysville,* 39 *Ga. App.* 739 (5) (148 S. E. 421). The court did not err in overruling the general demurrer.

The plaintiff alleged that the State Highway Department, desiring to improve a certain road in Floyd county, Georgia, extending from the corporate limits of Rome to the northerly edge of Lindale, let a contract therefor to J. B. McCrary Company, that such improvement consisted in certain paving and grading on the road, that said company sublet a part of the work, including a part of the grading and the building or construction of culverts and drains under and along the road, to the defendant, as independent contractor, that a part of the work to be done by the defendant was the extension of a certain concrete culvert or drain under the road three or four hundred yards north of the southern end of the project, that in so doing the defendant made an excavation on the west side of the road some twelve feet deep and eight or more feet long, following the course of the road and extending westward eight or ten feet, and that in this excavation the defendant built wooden forms into which concrete would be poured, so as to construct a culvert from the road extending westerly the necessary distance to effect the proper drainage and embankment. The defendant demurred specially to the foregoing allegations of plaintiff's petition, upon the ground that they were mere conclusions of the pleader and should be stricken, because they fail to set out the contracts between the State Highway Department and the J. B. McCrary Company, the contractor to whom the work of improving the road in question was let, and between that company and the defendant, to whom a part of such construction and improvement of this public highway was sublet by the contractor. The trial judge overruled the entire demurrer, which included the above ground of special demurrer. It is our opinion that this was not erroneous for any of the reasons assigned. The plaintiff was not required by law to more plainly and specifically allege the foregoing facts. By the allegations the plaintiff was attempting to establish the status of the defendant, in causing the obstructions to be placed in the road and the excavation to be dug, which he contends caused the injury sued for, and in failing to safeguard which and in leaving the pile of sand and gravel and the form board partly in the highway unguarded and without lights at night, the plaintiff charges as negligence upon the part of the defendant.

It was not necessary to set forth the contracts referred to therein. The plaintiff plainly alleges that the defendant was an independent contractor. It is not necessary under the rules governing good pleading for the plaintiff to allege every fact in minute detail or to allege his evidence. It is enough if the allegations of the petition are sufficiently definite and clear to put the defendant on notice as to the character of charge made against him, and to enable him to sufficiently prepare his defense thereto.

The judge properly submitted the issues in this case to the jury. No exception is taken to any charge of the judge. Plaintiff's petition made a proper case for submission to the jury and he proved his case as laid, and a verdict in his favor was not unauthorized. Plaintiff himself testified that he was driving his automobile slowly on a dark rainy night, that he had good lights on his car, which shone brightly for more than 100 feet ahead, that he saw the pile of sand or gravel on the side of the road, that he passed the same and then struck a wooden concrete form, which he did not see, and which was left lying in the edge of the highway by defendant's servants, and this caused him to lose control of his car and precipitated him into such excavation at the side of the road and produced the injuries complained of. It appeared from the evidence that neither the pile of sand nor gravel nor the excavation was lighted or safeguarded in any manner, and that the form board was not visible to the plaintiff, on account of such pile of sand or gravel. The contention of the defendant that the verdict was not authorized is not well taken. The judge properly overruled the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*