27911. JACKSON *et al.* v. SHEPPARD *et al.*

DECIDED FEBRUARY 23, 1940. REHEARING DENIED MARCH 30, 1940.

*C. C. Pittman, R. Carter Pittman,* for plaintiffs.

*Hardin & McCamy, Powell, Goldstein, Frazer & Murphy, Haas, Gambrell & Gardner,* for defendants.

FELTON, J. This was an action brought for the death of Sam Jackson, father of petitioners. The petition substantially alleges, that Sam Jackson was killed as the proximate result of negligence of the defendants; that on the date of his death the defendants were engaged in the construction of a large highway bridge over the Louisville and Nashville Railroad right of way on the Chatsworth-Ellijay highway in Murray County; that in the construction thereof the defendants dug a number of large holes ten feet in diameter and twelve feet deep, and placed at the bottom thereof concrete, with iron spikes projecting therefrom, upon which were to be placed steel and concrete pillars; that some of the holes were left uncovered and unguarded; that the defendant Guy was in the employment of W. C. Sheppard and of Turner & Trammell Inc.; contractors, employed to build the bridge, as their foreman and

agent, and the injury described occurred on account of the joint negligence of the defendants, the negligence being that of Guy in the capacity of foreman, and the contractors, Turner & Trammell Inc., and Sheppard, in negligently digging and leaving uncovered and unguarded the second hole from the east end of the bridge on the south side of the highway; that the hold was dug under the superintendence of Guy, acting as agent for the other defendants, as contractors; that after digging the hole Guy superintended the placing therein of concrete and steel bolts or spikes, and the defendants negligently failed to cover or guard the same by timbers or bars, so as to protect travelers on said highway or members of the public, who, with knowledge and without the disapproval of the defendants, frequently came upon and used the premises; that in the construction of the bridge large logs and heavy timbers were used in building forms into which were poured concrete piers; that the pier located at the southeast corner of the bridge had been poured and hardened so that the defendants were in the act of removing the heavy form therefrom, and in so doing were using a gasoline engine and a long steel crane, with cables and hooks; that on November 28, 1938, defendants, by means of the cables and hooks fastened to the forms, were tugging at the same in an effort to remove them from around the concrete pier, which effort was attended by considerable noise, force, and danger of breaking the forms, hooks, cables, and crane, with attendant danger to the deceased and those nearby from flying pieces of wood or steel; that on the occasion in question Pope, Stanford, a member of the county board of education, and others to the petitioner unknown were present watching the construction of the bridge when Jackson, the deceased, for the purpose of conferring with Stanford on county school business, went from the west side of the railroad down along the north side of the highway and bridge construction across the railroad, and moved south near the hole just west of the pier from which the wooden form was being removed; that the progress of deceased was impeded by the movement of the crane, and his attention was attracted by the same; that he stopped near the hole and between the hole and the gasoline engine and the crane; that his mind, eyes, and attention were fixed on the crane, cables, hooks, and timbers, observing the movements and force of the same, and keeping a safe distance therefrom to escape being struck thereby;

that in so doing and to escape injury he made a step to get away, and fell into the unguarded excavation and was killed; that the method used in digging and leaving unguarded such excavation in a populous community was unusual, improper, negligent, and dangerous; and that in the exercise of ordinary care the defendants should have known of the presence of the deceased, and a failure to warn him against the dangers present was a failure to exercise ordinary care. The petition was amended to allege that the deceased did not know of the existence of the hole into which he fell, and in the exercise of ordinary care could not have discovered the same, because the top of the hole was even with the top of the ground, and nothing was visible near-by to indicate the presence of the same, and decedent's attention was attracted in an opposite direction as alleged.

The judge sustained a general demurrer to the petition, and the plaintiffs excepted.

Construing the allegations most strongly against the plaintiffs, the effect of the petition is to allege that the deceased was not using the premises where he was killed by virtue of his right as a member of the public to use the same, but that he had the right by reason of the fact that travelers and members of the public used the premises with the knowledge and without the disapproval of the defendants. Under the facts alleged, the premises, in the absence of an allegation to the contrary, would presumptively be closed to the public, a fact which would seem to be indicated by the very nature of the work being done and the improvements being made. In this view, under the law the deceased was no more than a licensee. Code, § 105-402. The action is for simple negligence. Assuming for the sake of argument that the defendants owed the deceased the duty to anticipate his presence, and that they were guilty of ordinary negligence, it seems to us that by the exercise of ordinary care the deceased could have avoided the consequences of any negligence of which the defendants might have been guilty and for which they could possibly have been held liable. He voluntarily placed himself in a place of obvious danger, and he can not be excused from the exercise of ordinary care by which he could have discovered the hole into which he fell, because the danger in which he placed himself prevented him from doing so, when it is obvious that in the absence of the danger to which his attention was di-

rected he could have seen the hole and avoided the injury.  *Briscoe* v. *Southern Ry. Co.*, 103 *Ga.* 224 (28 S. E. 638).  It was not error to sustain the general demurrer and to dismiss the petition.

*Judgment affirmed.  Sutton, J., concurs.  Stephens, P. J., dissents.*