33714. BAZEMORE *v.* MacDOUGALD CONSTRUCTION CO.

DECIDED NOVEMBER 15, 1951. REHEARING DENIED DECEMBER 5, 1951.

*J. Ralph McClelland Jr., John L. Westmoreland, John L. Westmoreland Jr.,* for plaintiff.

*Edgar A. Neely Jr., Neely, Marshall & Greene,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first four acts of negligence alleged in paragraph 25, set forth in the statement of facts hereof, considered together and in connection with other paragraphs of the petition relating to the alleged negligence of the defendant, would present a jury question as to whether the defendant was guilty of such negligence as to authorize the plaintiff's recovery, in crushing and breaking the sidewalk so as to make its use by pedestrians unsafe, knowing that pedestrians would be using it—the failure to erect any barrier or other warning of the danger, and the failure to provide a safe means of passage being specifically alleged—

provided the well-pleaded allegations of the petition, construed most strongly against the plaintiff, do not show that she, by the use of the sidewalk, assumed the risk as contended by the defendant's second ground of demurrer; or, provided the well-pleaded allegations of the petition, construed most strongly against the plaintiff, show that she was lacking in the exercise of ordinary care for her own safety, as contended by the third ground of the defendant's demurrer. If a reasonably prudent person, acting under the circumstances detailed in the petition, would have recognized the dangers incident to crossing on the sidewalk, and in the interest of her own safety would have refrained from using it, the plaintiff was lacking in the exercise of ordinary care and cannot recover; or if she fully realized and appreciated the dangers incident to the use of the sidewalk, or in the exericse of ordinary care should have done so, but irrespective thereof proceeded to take the chance, she cannot recover. In either or both events, the petition would fail to state a cause of action against the defendant, as contended in the first ground of demurrer. What a reasonably prudent person would have done under some circumstances is a question of law for the court to determine, while the same question as to other circumstances is for jury determination. The courts will not determine the question except in palpably clear, plain and indisputable cases. See *Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (3) (179 S. E. 415). It is well settled that, where certain conduct is alleged to be negligent, it is a jury question whether such conduct constitutes negligence if reasonable minds might differ upon the question. See *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (2) (57 S. E. 2d, 18). We feel that the trial court here was unauthorized to say that, as a matter of law, the manner in which the plaintiff acted was such as to authorize the single conclusion that the acts alleged did not amount to negligence, but that, on the contrary, the plaintiff failed to exercise ordinary care for her own safety. On the other hand, we feel that reasonable minds might differ upon the question, and that therefore the plaintiff's conduct in crossing the sidewalk under the circumstances set forth in the petition, and the liability, if any, of the defendant for the injuries sustained, present a question for jury determination.

■ The remaining acts of negligence detailed in paragraph 25

of the petition, as set forth in the statement of facts, are predicated on paragraphs 8 and 9, which in substance allege that the plaintiff, upon approaching the sidewalk where she was injured, inquired of an agent, servant and employee of the defendant, who appeared to be in charge of the work and acting for the defendant, whether or not it would be safe for her to proceed across and over the sidewalk, and that she was assured that it was safe for her to proceed. Nowhere does the petition allege that the person of whom she made this inquiry was authorized by the defendant to give her this assurance. An agent cannot, beyond the scope of his agency, affect the principal by his declarations. See *Wright* v. *Georgia R. & Bkg. Co.*, 34 *Ga.* 330; *Central of Georgia Ry. Co.* v. *Americus Construction Co.*, 133 *Ga.* 392 (4) (65 S. E. 855); *Abercrombie* v. *Ford Motor Co.*, 81 *Ga. App.* 690, 699 (59 S. E. 2d, 664). The acts of negligence, therefore, as to failing to warn the plaintiff verbally of the condition thereof although the plaintiff made verbal inquiry and as to instructing her that the sidewalk was safe, are insufficient to form a basis for recovery. However, such allegations are material to throw light both upon the apparent danger and upon the degree of care exercised by the plaintiff on the occasion in question.

■ It is contended by counsel for the defendant, under the allegations of the petition, construed most strongly against the plaintiff, that the sidewalk where she was injured must be considered as having been closed to the public; that her presence there consituted her a licensee; and that accordingly the defendant owed her no duty except not to wilfully or wantonly injure her. The petition specifically alleges that she was walking along the sidewalk lying on the south side of Sixteenth Street, and that such street is a public street and thoroughfare in the City of Atlanta. The project upon which the defendant was working is described in the petition only as "familiarly known as the Atlanta Expressway." This description implies that it is a street being constructed through the city for through traffic. It does not imply that the whole of the right of way of the expressway through the city is simultaneously under construction, or that all streets and sidewalks intersecting the same are closed pending the completion of the project. The petition, as

hereinbefore pointed out, alleges as one of the grounds of negligence the failure of the defendant to erect any barrier, sign, light, or other signal device or marker to warn the plaintiff of the actual condition of said strip of sidewalk. The allegations of the petition, taken as a whole, therefore, cannot be construed as alleging that the sidewalk was closed to the public. Counsel for the defendant cite in support of this contention *Jackson* v. *Sheppard,* 62 *Ga. App.* 142 (8 S. E. 2d, 410), wherein the petition alleged that the plaintiffs' father was killed due to the negligence of the contractor engaged in the construction of an overpass over a railroad right-of-way across a highway, at a time when the deceased came on the premises where the construction work was going on and fell into an unguarded hole dug by the defendant contractor in preparation for the construction of a pier. The petition there alleged that the defendant negligently failed to cover or guard the hole by timbers or bars so as to protect travelers on said highway or members of the public "who, with knowledge and without the disapproval of the defendants frequently came upon and used the premises." The petition there affirmatively alleged that certain men were visiting on the premises where the work was being done for the purpose of viewing the same, and that the deceased came upon the premises to see and talk with one of the other visitors. The trial court there sustained a general demurrer to the petition, and this court in upholding that judgment stated: "Construing the allegaions most strongly against the plaintiffs, the effect of the petition is to allege that the deceased was not using the premises where he was killed by virtue of his right as a member of the public to use the same, but that he had the right by reason of the fact that travelers and members of the public used the premises with the knowledge and without the disapproval of the defendants. Under the facts alleged, the premises, in the absence of an allegation to the contrary, would presumptively be closed to the public, a fact which would seem to be indicated by the very nature of the work being done and the improvements being made." That case differs from the case here in that, while the nature of the work being done, and coupled with the allegation that "travelers and members of the public used the premises with the knowlege and without the disapproval of the defen-

dants," created a presumption that the road was closed to the public, here the petition affirmatively shows that the plaintiff was using the sidewalk by virtue of her right as a member of the public to use the same. Also, here the nature of the work, which was not alleged to be taking place on the sidewalk, was not such as to create such a presumption as a matter of law.

The trial court erred in sustaining the demurrers and in dismissing the petition.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*