### 57915. CLARK v. RAYMOND J. PITTS, INC. et al.

CARLEY, Judge.

The appellee-Metropolitan Atlanta Rapid Transit Authority (MARTA) contracted with appellee-Pitts Construction Company (Pitts) for the construction of certain drainage facilities. Appellee-Parsons-Brinckerhoff-Tudor (PBT) was design engineer for the MARTA project. Pursuant to its contractual agreement, Pitts had excavated a trench approximately 25 feet deep and 10 feet wide in Oakdale Road, a city street located within the municipal limits of the appellee-City of Atlanta (City). The Oakdale Road area is residential and heavily populated.

On July 29, 1977, PBT informed Pitts: "In spite of repeated site instructions you have not yet cleaned the excavated soil beyond the street right of way. You are once again directed to confine your operations within the street right of way limits. Pedestrian traffic and all local vehicular traffic has to be maintained at all times. On an inspection at 11:00 am on [t]hursday, July 28th, it was observed that the deep excavated trench was left improperly barricaded. Please ensure that proper lighted

barricades are provided at all times." Complaints continued to be made, however, and on August 10, 1977, a letter from the president of the Candler Park Neighborhood Organization to the chairman of the City's Utilities Committee was read at the committee's meeting. Included in this letter were specific complaints about the piling of dirt on the sidewalk and the safety hazard presented to children by the trench. As the result of a meeting between neighborhood residents and the appellees, it was agreed that the encroachment upon adjoining property of excavated dirt would be removed and that the sidewalks would be "cleared of obstructions at all times."

On September 24, 1977, prior to departing the construction site, Pitts' employees had placed wooden barricades with flashing lights along one side of the trench. At either end, a piece of machinery was placed to block entry to the site. On the other side, however, the sole "barricade" was a stockpile of dirt from the excavation. This mound of dirt was piled or had spilled onto and covered a portion of the public sidewalk so as to totally prohibit passage without crossing over it. While the seven year old plaintiff was playing on this public sidewalk, he climbed halfway up the dirt pile on the sidewalk side — the side sloping away from the open trench. The dirt beneath the plaintiff began to collapse and, as he began to scramble down the pile, a cave-in occurred, sweeping him into the excavation. He sustained numerous injuries, including a broken thigh.

Plaintiff subsequently brought a suit seeking money damages against the appellees alleging that his injuries were the result of their negligence. After extensive discovery, appellees moved for summary judgment. Plaintiff appeals from the trial court's order granting summary judgment to all appellees.

1. The appellees urge, in support of their grant of summary judgment, that they owed no duty to plaintiff and cannot, therefore, be found negligent. We do not agree.

This is not a case involving injuries sustained on private property. Compare, e.g., *Crosby v. Savannah Electric &c. Co.,* 114 Ga. App. 193 (150 SE2d 563) (1966);

*Washington v. Trend Mills, Inc.,* 121 Ga. App. 659 (175 SE2d 111) (1970); *Montega Corp. v. Grooms,* 128 Ga. App. 333 (196 SE2d 459) (1973); *Rutledge v. City of Atlanta,* 130 Ga. App. 99, 102 (2) (202 SE2d 571) (1973); *Brooks v. Logan,* 134 Ga. App. 226 (213 SE2d 916) (1975); *Higginbotham v. Winborn,* 135 Ga. App. 753 (218 SE2d 917) (1975); *Epps v. Chattahoochee Brick Co.,* 140 Ga. App. 426 (231 SE2d 443) (1976); *Holcombe v. Harris,* 143 Ga. App. 173 (237 SE2d 677) (1977). Neither is this a case involving injuries sustained on municipal property conclusively closed to the public. Compare, e.g., *Fickling v. City Council of Augusta,* 110 Ga. App. 330 (138 SE2d 437) (1964); *Oliver v. City of Atlanta,* 147 Ga. App. 790 (250 SE2d 519) (1978). Nor is it a case involving injuries sustained on a road which was under construction and not yet open to the public. Compare, e.g., *Marshall v. Hugh Steele, Inc.,* 122 Ga. App. 114 (176 SE2d 554) (1970); *Barber v. Steele,* 133 Ga. App. 290 (211 SE2d 133) (1974). It is, rather, a case involving injuries sustained when, construing the evidence as we must upon summary judgment, an obstruction upon a public sidewalk caused the plaintiff to fall into an excavation in a public street.

"It is the duty of the city to keep its streets and sidewalks in a safe condition for travel in the ordinary modes, . . . and if it fails to do so it is liable for damages for injuries sustained in consequence of such failure. [Cits.] The whole of the street used by the public must be kept in a reasonably safe condition. [Cits.] 'The municipality should not allow obstructions or excavations to adjoin the traveled way which will render its use unsafe and dangerous. The public is entitled to the use of the whole street from side to side and from end to end.' [Cits.] 'Cities are liable for negligently permitting unguarded excavations near the line of the road or street.' [Cit.] . . . In the instant case the evidence shows that the plaintiff was hurt by falling into a gully or ditch in a public alley, between the sidewalk and the street, and therefore being a portion of the street, and commonly used as a thoroughfare. Whether the gully or ditch, in the place where it was, and of the width and depth that it was, was such an excavation as to render the thoroughfare unsafe for travel by day or night, presented questions of fact for

the exclusive determination of the jury, under proper instructions from the court. [Cit.]" *Harrell v. Mayor &c. of Macon,* 1 Ga. App. 413, 415 (58 SE 124) (1907).

The appellees argue that the plaintiff was not on the sidewalk when the injury was sustained but, rather was on the sandpile and that the sandpile was itself a "barrier" preventing approach to the excavation and was part of the worksite. It is urged that, on these facts, the area wherein the injury occurred "would presumptively be closed to the public, a fact which would seem to be indicated by the very nature of the work being done and the improvements being made." *Jackson v. Sheppard,* 62 Ga. App. 142, 144 (8 SE2d 410) (1940). This argument, however, totally ignores the fact that the sandpile had covered a public sidewalk that the appellees had agreed to maintain free of obstacles at all times. If, here, the plaintiff was not *on* the public sidewalk, it was because it was covered by the sandpile. In *Jackson,* it was clear that plaintiff's deceased *had left* the public sidewalk and *had entered* the construction site. *Jackson* was also decided prior to the effective date of our CPA, the allegations of plaintiff's petition thus being most strongly construed *against* him on general demurrer. Therefore, *Jackson* is either procedurally distinguishable or its facts show "plain, palpable and undisputable" negligence on the part of the deceased. See generally *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237 (227 SE2d 336) (1976). Under either rationale, it has no bearing in the instant appeal. See the discussion of contributory negligence in Division 2, infra.

Here, however, it is uncontroverted that the plaintiff was on the sandpile which covered the public sidewalk so as to prevent passage along the thoroughfare without crossing over it. Compare *Rutledge,* supra. Furthermore, it is undisputed that the sandpile *itself* was not barricaded. The plaintiff alleges that while he was upon this unbarricaded sandpile which was covering a public sidewalk, he was swept over and into the excavation. Under these circumstances, we believe it would be for a jury to decide whether or not the unbarricaded sandpile "closed" the sidewalk to the public. "[H]ere the nature of the work, which was not alleged to be taking place on the sidewalk, was not such as to create [a presumption that

the sidewalk was closed to the public] as a matter of law" *Bazemore v. MacDougald Const. Co.,* 85 Ga. App. 107, 113 (68 SE2d 163) (1951). "Where construction is in progress on a road, the question of whether or not it is in fact open for travel in such manner that an implied invitation to use it has been extended to the public, as well as the question of whether one using such a road is in the exercise of ordinary care for his own safety, is for the jury. [Cit.]" *Bush v. City of Gainesville,* 105 Ga. App. 381, 386 (124 SE2d 667) (1962).

Furthermore, even if the sidewalk were "closed," the facts of this case present a jury question as to whether or not the unbarricaded sandpile "closed" it in a non-negligent manner. "The right of the city or the contractor to place a temporary obstruction in the street or to close the street wholly or partially when necessary in repairing it is undoubted. [Cit.] In such a case the mere presence of the obstruction would not be unlawful, and there would be no liability against the city or the contractor to a person injured thereby, unless it further appeared that there was a failure to exercise ordinary care and diligence in safeguarding it by those who set it up. The same rule is applicable where the street is closed under circumstances making such action reasonably necessary in repairing it, and one injured in attempting to use the street would have no case against the city or the contractor *provided ordinary care had been exercised to warn the public that the street was closed.* [Cits.]" (Emphasis supplied.) *MacDougald Const. Co. v. Mewborn,* 34 Ga. App. 333, 335 (1) (129 SE 917) (1925). "Where a city closes a street to improve it, the question whether it has exercised ordinary care to provide adequate and proper danger signals to warn unsuspecting travelers of danger ahead is a question for the jury. [Cits.]" *City of Rome v. Stone,* 46 Ga. App. 259, 260 (3) (167 SE 325) (1933).

The fact that the plaintiff may have been playing upon the unbarricaded sandpile which covered the public sidewalk does not change the duty owed by the appellees. " 'The duty to keep the sidewalks reasonably safe is not confined at common law to travelers . . . The general rule is that every person who uses a sidewalk for any purpose for

which sidewalks are designed is within the obligation of the duty . . . The common law does not draw a distinction between the exercise and play of young children, and whether the child is using the street for exercise or play he is entitled to his right of action if he is injured by the negligence of the corporation.' " *City Council of Augusta v. Tharpe,* 113 Ga. 152, 157 (38 SE 389) (1901).

2. The appellees next urge, in support of their motions for summary judgment, that the plaintiff had been warned against and was aware of the danger involved in playing on the unbarricaded sandpile which blocked the public sidewalk. With reliance upon *Jackson,* supra, it is argued that the plaintiff is thus precluded from recovery because of his failure to exercise ordinary care to protect himself. Controlling apposite authorities, when applied to the facts sub judice, do not support this position.

"That the mere knowledge of a dangerous defect in a sidewalk is sufficient to preclude recovery, regardless of circumstances, is not the law. But a person having knowledge of a defect or dangerous condition of a street is bound to use care, according to the circumstances, to avoid injury . . . 'The law is plain and clear, and in a nutshell is as follows: If the danger arising from a defect in a bridge, or other portion of the highway within the limits of a city, is obviously of such character that no person, in the exercise of ordinary prudence, would attempt to pass over the same, or, in other words, if such an attempt would, of itself, plainly and unequivocally amount to a want of ordinary care and diligence, the court may so instruct the jury as matter of law. But in other cases, the mere knowledge of the existing defect will not prevent a recovery on the part of one who is injured because of the defect, if the use of the bridge or highway in which the defect exists is consistent with ordinary care, and it further appears that the plaintiff did in fact exercise such care. *All cases of this kind should be submitted to the jury, who, in determining what would be ordinary care in the particular instance, should take into consideration and carefully weigh all the facts and circumstances.*' " *Harrell v. Mayor &c. of Macon,* 1 Ga. App. 413, at 416, supra. "[T]he mere knowledge of a defect in the street or sidewalk

would not prevent a recovery on the part of one who is injured thereby, if his conduct is attended with due care, and . . . the question of the existence of proper care on the part of the person injured should ordinarily be submitted to the jury, to be determined by them under all the facts and circumstances of the particular case. The question for solution does not involve a differentiation between different kinds of negligence by the party defendant, but relates only to the matter of care on the part of the plaintiff. One of the facts for consideration by the jury in the case at bar was that the plaintiff was a child. 'Due care in a child of tender years, is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation.' [Cit.] 'The care and diligence required of an infant of tender years is not fixed by any invariable rule with reference to the age of the infant or otherwise. It depends upon the capacity of the particular infant, taking into consideration his age as well as other matters.' " *MacDougald Const. Co. v. Mewborn,* 34 Ga. App. 333, supra, at 337. Thus, we find without merit appellees' contention that because of the young plaintiff's "knowledge," his conduct constituted contributory negligence which, as a matter of law, bars his claim.

3. There remain in this case issues of negligence and contributory negligence which are not susceptible of summary adjudication but which must be resolved by a trial in the ordinary manner. *Wakefield v. A. R. Winter Co., Inc.,* 121 Ga. App. 259 (174 SE2d 178) (1970). Accordingly, the grant of summary judgment to the appellees is reversed. See, e.g., *City of Rome v. Stone,* 46 Ga. App. 259, supra; *Holland v. Phillips,* 94 Ga. App. 361 (94 SE2d 503) (1956).

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

ARGUED MAY 29, 1979 — DECIDED
SEPTEMBER 5, 1979.

*Nolan B. Harmon, John M. Leiter,* for appellant.
*Paul A. Howell, Judson Graves, Ben Kingree, III,*

*James Barnett,* for appellees.