## HUTSON v. KING.

1. The mere maintenance of a dangerous nuisance upon one's inclosed premises gives no right of action to another who, without necessity and without invitation from the owner either express or implied, voluntarily deviates from a public highway adjacent thereto, and entering upon such premises is injured in consequence of the existence of such nuisance.

2. If the nuisance complained of be *per se* of such an obviously dangerous character as that a person of reasonable discretion entering upon the premises of another, inclosed or uninclosed, either from necessity, or upon invitation express or implied, could readily perceive its danger, and in so entering such premises, should suffer injury which he by the exercise of ordinary care could have prevented or avoided, he cannot recover.

3. It is the duty of the owner of premises so to inclose a cellar thereon which lies in dangerous proximity to a public street, as to afford to one passing along such street, in the exercise of ordinary care, reasonable immunity against the danger of casually falling therein. If the owner fail to perform this duty, and a person exercising such care so falls and is injured, he is entitled to recover from the owner damages therefor.

4. While averments of fact contained in independent counts of a declaration may not be taken in aid the one of the other, yet if the pleader by appropriate averment in one count adopts as a part of such count facts stated in another, such facts so adopted may be taken as stated in the former, without formal repetition; and even though the latter count be insufficient in statement of a cause of action, if the former so aided states a cause of action, a demurrer thereto for want of a cause of action should be overruled.

5. Upon the principles above enunciated, each of the counts in this case was insufficient, save the second, and the court erred as to that count in sustaining a general demurrer to the declaration.
January 14, 1895.

Action for damages. Before Judge EVE. City court of Richmond county. February term, 1894.

HENDERSON BROTHERS, CROFT & CHAFFEE, FRANK H. MILLER, WILLIAM K. MILLER and FRANK H. MILLER, Jr., for plaintiffs. J. B. & BRYAN CUMMING and J. R. LAMAR, for defendant.

ATKINSON, Justice.

1. The declaration substantially alleges, that Broad street was one of the principal thoroughfares in the city of Augusta; that the defendant was the owner of a certain lot fronting thereon, upon which he had erected certain improvements, consisting of a three-story brick building, with a door and windows fronting on Broad street and immediately adjacent to the sidewalk thereon, and a cellar underneath the building about ten feet deep; that on the 28th day of August, 1892, the building was consumed by fire; that thereafter and until the occurrence hereinafter stated, the defendant negligently permitted the brick walls to remain standing, without barricade to the open door and windows or other protection

to the public against injuries that might result from an entrance in or accidental falling into such cellar; that on the first day of October, 1892, the plaintiff, not being a citizen of Augusta, nor familiar with the situation, was a visitor to the city, and that while passing along Broad street that night, he saw this open door leading into the burned building, and, assuming that it was an entrance to some retired spot, he undertook, in response to a call of nature, to enter, and immediately fell from the sidewalk into the bottom of the cellar, inflicting upon him serious bodily injuries.  Each count in the declaration described the character of the building and the local situation and the circumstances of the plaintiff's presence in the city, as herein stated.  The second count in the declaration alleges that the plaintiff, while passing along the sidewalk on Broad street adjacent to said building, in the exercise of all ordinary care and diligence, casually fell from the sidewalk into the cellar, thus sustaining his injuries.  The third and fourth counts in the declaration allege, one of them, that after the destruction of the building and before the injuries, the defendant was engaged by his agents in the reconstruction of the building; and further alleges that because of their negligent conduct in failing to provide some barricade, he was induced to enter, as stated in the first count of the declaration, and was injured.  The only difference between the third and fourth counts is, the fourth count alleges that the defendant having employed a contractor in the work of reconstructing the building, the agents of the contractor were negligent in leaving the door without a barricade.  To this declaration the defendant filed a general demurrer, which the court sustained, and to the judgment of the court dismissing his writ the plaintiff excepted.

1. The mere maintenance upon his inclosed premises of a dangerous nuisance gives no right of action against

the owner in favor of any person who may enter thereon without invitation, either express or implied, from the owner; nor does it give a right of action as against one who voluntarily, without necessity and without invitation, deviates from a highway adjacent thereto, and, entering upon the premises, is injured in consequence thereof. Every man has a right to presume that upon his own premises, guarded by a clearly marked and clearly defined inclosure, other persons will respect his rights of property, and will not intrude upon the privacy thereof; and if upon such premises he maintains a dangerous nuisance, as a pitfall or other like contrivance, and a stranger, without invitation, either express or implied, enters thereon, he should take all these risks resulting from mere negligence of the owner which he may encounter on the venture. With reference to uninclosed premises a different rule prevails, and if upon such premises the owner shall maintain a dangerous nuisance in such situation as that persons lawfully entering thereon, without fault upon their own part, suffer injury, he is answerable in damages.

2. If the owner of premises, inclosed or uninclosed, maintains thereon a dangerous nuisance, and the character of the nuisance be of such an obviously dangerous nature as that a person of ordinary prudence, in the exercise of ordinary care, could have readily discovered the dangerous character of such nuisance, and nevertheless exposes himself to its dangers and in consequence is injured, he cannot recover; for this may be classed as the voluntary exposure of one's person to an unnecessary hazard. It comes within the provision of the code, that if one by the exercise of ordinary and reasonable care could have avoided the consequences to himself of a negligent act upon the part of another, but fails to exercise such care and is injured, he is not entitled to recover. Tested by this latter rule, the first, third and

fourth counts in the declaration, it seems to us, fall short of stating a cause of action. According to this plaintiff's declaration, as embodied in the three counts just mentioned, he was passing along the street in a strange city at night, he saw an open door leading into a dilapidated building, and he voluntarily, without invitation either express or implied (except in so far as he saw proper to construe the mere finding of this dilapidated building thus open as an invitation from the owner to enter therein), stepped into the door and down into the cellar. It is not claimed in the declaration of the plaintiff, in the three counts—the first, third and fourth—in which he seeks to recover upon this theory of the defendant's liability, that in going into the door he was not guilty of negligence, but on the contrary in the first count of the declaration he alleges a fixed purpose to enter the building, and that *while so entering* he exercised all ordinary care and prudence, and, notwithstanding, fell into the cellar. The third count alleges that while he was walking along the street, exercising all ordinary care and prudence, he turned toward the open door of the premises and determined to enter, supposing it would lead to a retired spot. The fourth count alleges that the injuries were sustained as alleged in the foregoing counts. The negligence of the plaintiff which defeats his recovery upon these three counts consists in the exposure of himself voluntarily to the hazard of going into the building at all, without reference to whether he was using ordinary care in the effort to get in. If a man, going upon the premises of another, should see an open well and should voluntarily attempt to descend to its bottom, exercising the most extreme care and caution, but in the descent should fall and receive injuries, he could not recover, not because he was wanting in care or caution in making the descent, but because it was manifestly dangerous and hazardous to

attempt the descent at all. So in this case it could make no difference how careful this plaintiff was as he walked along the sidewalk, nor how carefully guarded were his footsteps as he walked into the dilapidated building, he could not recover, because, thus voluntarily exposing himself to an unnecessary hazard, he assumed the risks of the hazard, and, being injured, he must abide the consequences.

3. If upon the premises of an owner situated in dangerous proximity to a public thoroughfare there be an excavation into which persons passing along the thoroughfare, in the exercise of ordinary care, might casually fall, it is the duty of the owner of the premises so to inclose the same as to afford reasonable immunity against the danger which might otherwise probably result from its existence. Whatever may be the duty of an owner of premises with reference to persons who unlawfully intrude thereon, such owner has no right to maintain upon his premises any dangerous nuisance which might imperil the lives of those persons who from lawful necessity or convenience might pass along, and by accident or some superior force, and without fault upon their own part, fall or be thrown from the sidewalk or from a public thoroughfare into such excavation. A man must so guard his premises situated immediately adjacent to a public highway, as that one who of necessity deviates slightly therefrom may not be injured. The second count in the declaration, upon these principles, states a cause of action. It alleges the existence and character of this dangerous nuisance upon the defendant's premises; alleges that plaintiff was passing along the street in the exercise of ordinary and reasonable care, and, without fault upon his part, casually fell therefrom into this cellar upon the defendant's premises. We think, if the facts be proved as laid in this count of the declaration, a recovery may be had; and that is the test always

in considering, upon a demurrer, the sufficiency of a declaration.

4, 5. It was insisted, however, upon the argument here, that inasmuch as the second count in the declaration did not of itself state all' of the facts necessary to constitute a cause of action—there being no *ad damnum* or allegation of pain and injury, except by reference to another count,—the same could not be aided by averments of fact in such other count contained. This is a correct rule where the counts are expressly wholly independent of each other. Yet the better rule of pleading, where the facts stated in the declaration justify it, is the one stated and declared in the fourth head-note, *supra.*                         *Judgment reversed.*