CITY COUNCIL OF AUGUSTA *v.* DOZIER, and *vice versa.*

The petition set forth a cause of action, and the demurrer to the same was properly overruled.

Submitted June 8,—Decided August 17, 1906.

Action for damages.   Before Judge Hammond.   Richmond superior court.   December 13, 1905.

Mrs. Emma F. Dozier brought suit against the City Council of Augusta, and alleged: that the defendant was the owner of the franchises and properties of the Augusta Canal Company, and had assumed the obligations and liabilities thereof. [Acts 1845, p. 138; Acts 1849-50, p. 85; Acts 1853-4, p. 252; Acts 1871-2, p. 204.] In the operation of the canal the company had converted a ravine into a reservoir known as Lake Olmstead, and a road had been laid out along the brink of said lake. At a certain portion of said road there was no fence or guard-rail, and the banks sloped from the edge of the road to the edge of the water, a distance of about forty-five feet and a depth of about sixteen feet. On January 23, 1903, the husband of the petitioner while travelling said road was, "without fault on his part, precipitated" from the unprotected portion of said road into the lake and was drowned. Damages were laid in the sum of $10,000. The petitioner had previously brought suit for the same cause of action to the city court of Richmond county, to which suit the defendant interposed a general demurrer, which was overruled, and to this ruling defendant did not except. At the January term, 1905, of the city court, the case came on to be heard, and a nonsuit was granted and the case dismissed. A complete copy of the proceedings in the city court was attached to the petition.

The defendant demurred generally on the ground that the petition set forth no cause of action. The plaintiff moved to strike the demurrer, on the ground that a general demurrer to the petition setting out the same cause of action between the same parties had been overruled in the city court of Richmond county, and that as to all questions raised therein the defendant was estopped by the doctrine of res adjudicata. The motion to strike the demurrer was overruled, and the plaintiff excepted pendente lite. The demurrer to the petition was heard and overruled, and the defendant excepted. The plaintiff by cross-bill brings up her exceptions pendente lite.

C. Henry Cohen, for City Council of Augusta, cited Ga. R. 118/590; 115/124; 113/64; 111/464; 99/282; 101/729; 95/110; 94/420; 74/774; 66/195; 63/772; 60/474; 59/644; 49/316; 39/-725; Wms. Mun. Corp. 118; Dill. Mun. Corp. §§ 1023, 1210;

Smith, Mun. Corp. §§ 780, 808; 15 Am. & Eng. Enc. L. 427, 437, 454, 457, 493; 55 Am. R. 88; 60 Ib. 854; 52 Ib. 259; 23 Ib. 368; 20 Ib. 18; 14 Ib. 686; 68 N. Y. 283 (23 Am. R. 175) ; 113 E. C. L. 242; 64 Me. 57; 105 Mass. 470; 81 N. Y. 2; 86 Fed. 297.

*Salem Dutcher,* contra, cited *Ga. R.* 120/469, 799; 115/475; 113/64, 708; 111/475; 103/658; 99/282; 95/276; 90/661; 88/-600; 84/374; Ell. Rds. & Sts. 447, 452, 458, 542; Ray, Neg. 26, 27, 114; Shear. & Red. Neg. §§ 31, 32, 359; Beach, Con. Neg. 262; Cooley, Torts, 792; Dill. Mun. Corp. § 657; 1 Thomp. Neg. §§ 42, 43, 341.

COBB, P. J.   (After stating the foregoing facts.)

The City of Augusta is the owner of the canal and the land upon which the body of water known as Lake Olmstead is situated. This land adjoins a public highway. The city therefore owes to travelers upon the highway the same duty that any owner of land adjoining a highway owes to travellers thereon. What is the duty of such an owner to travellers on an adjacent highway? An owner of land abutting upon a highway is liable to travellers for injuries resulting from the maintenance of those things upon his property which are likely to render travel upon the highway unsafe. Many of the cases in which the rule is announced involved excavations on the land adjoining the highway, but the rule is of course not limited to cases where the injury resulted from an excavation. If the public lay out a highway so near a natural watercourse on the land of an adjacent proprietor that travel along the highway is rendered unsafe on account of the proximity of the stream, it may be that the owner of the stream would be under no obligation to erect rails or guards along the course of the stream; but when the owner creates and maintains upon his land an artificial lake or body of water so near the highway and so located relatively to the same that travel thereon is rendered unsafe, a duty to so guard the same that travelers in the exercise of due diligence will not fall or be precipitated therein devolves upon the owner. *Hutson* v. *King,* 95 *Ga.* 271(3) ; 15 Am. & Eng. Enc. Law (2d ed.), p. 437, and cases cited. The distance from the highway to that which caused the injury will in many cases determine whether there was a duty to guard the highway. When the adjacent land is level or practically so, and that which caused the injury is so far removed that a traveller in the exercise of due care would not have been injured thereby,

no duty to the traveller would arise.   Where the land is precipitous, a duty to the traveller arises in cases where under other conditions no duty would arise.

The edge of the lake was sixteen feet below the highway, and forty-five feet therefrom.   The slope began at the edge of the highway, and about two thirds of the distance is a very sharp incline of forty-five to fifty degrees, and thence to the water's edge about half that extent.   The edge of the highway is protected at one place by a substantial fence, and at another place by large iron pipes; but between the points where the fence ends and the pipes begin there is a gap of thirty feet which is entirely unprotected, and is at the very crest of a steep declivity extending to the water's edge.   This gap was at one time protected by a fence which had disappeared and had never been replaced.   The husband of the plaintiff was walking along the highway at night, walked into the gap, was precipitated down the declivity into the lake, and was drowned therein.   The averments of the petition were sufficient to raise a duty on the part of the city to guard the highway at the point where the deceased departed therefrom, and also to show that he was in the exercise of due care.   Such being the case, a cause of action was set forth.

*Judgment on main bill affirmed; cross-bill dismissed.   All the Justices concur, except Fish, C. J., absent.*