(153 App. Div. 514.)

### CARROLL v. STATE.

(Supreme Court, Appellate Division, Third Department.   November 13, 1912.)

CANALS (§ 18*)—FAILURE TO GUARD EXCAVATION—INJURIES.

    As against the owner of adjoining land, or persons thereon by permission of such owner, the state is under no obligation to guard a sluiceway on its own land, where the adjoining land is neither a highway, nor habitually nor notoriously used as a passageway.

    [Ed. Note.—For other cases, see Canals, Cent. Dig. §§ 20–24; Dec. Dig. § 18.*]

Appeal from Court of Claims.

Claim by Lillian L. Carroll against the State.   From a judgment of the Court of Claims in favor of the claimant (73 Misc. Rep. 516, 133 N. Y. Supp. 274), the State appeals.   Reversed, and claim dismissed.

See, also, 151 App. Div. 912, 135 N. Y. Supp. 1103.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Thomas Carmody, Atty. Gen. (Wilbur W. Chambers, of Albany, of counsel), for the State.

D. Francis Searle, of Rome, for respondent.

SMITH, P. J.   The Attorney General urges that this judgment cannot stand because of a lack of findings by the Court of Claims, and especially because of the lack of a finding as to the extent of the claimant's injury.   If the Court of Claims were still in existence, the case should clearly be sent back for specific findings upon which the judgment might be supported.   After that court has been abolished, however, by the Legislature, those specific findings could not now be made, and the question is not free from doubt whether this judgment may stand without them.   It is unnecessary, however, to determine this question in our view of the law governing the liability of the state.

In Kleinberg v. Schween, 134 App. Div. 493, 119 N. Y. Supp. 239, it was held that an owner of land who makes and maintains a lawful excavation thereon is not bound to fence or guard it for the protection of persons upon adjacent premises, not a highway, or habitually or notoriously used by the public as a way of passage.   In this case the defendant had constructed upon his own land an areaway 12 feet deep, 25 feet long, and 3 feet wide.   This areaway abutted upon adjoining premises.   The plaintiff lawfully upon the adjoining premises, in the nighttime, fell into the areaway and suffered certain injuries.   The court held that, inasmuch as the areaway did not abut upon a public highway, or upon property which was habitually and notoriously used by the public, there was no obligation resting upon the owner to guard it.   This case was affirmed upon the opinion of Justice Scott, in 198 N. Y. 619, 92 N. E. 1089, and, I think, controls the case at bar. In the light of this authority, it is immaterial just where the blue line was located, or whether the plaintiff's premises were located upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

state land. The sluiceway into which plaintiff fell, and which was left unguarded, was, beyond question, upon the land of the state. As against the owner of adjoining land, or any one upon such land by license of such owner, the state was under no obligation to guard the same. The sluiceway had been left unguarded for many months to the knowledge of the plaintiff; and the plaintiff could scarcely have prevented a nonsuit for contributory negligence, had she not sworn that her fall was caused by dizziness when she was upon the lower step of the house.

The judgment should be reversed, with costs, and the claim dismissed, with costs. All concur; BETTS, J., in result.