24215. COX *v.* GREENFIELD, executor, *et al.*

Decided February 28, 1935.

*John M. Seal, Eugene Dickey,* for plaintiff.
*Harold Hirsch, Marion Smith, W. B. Cody,* for defendants.

STEPHENS, J. J. B. Cox, by his next friend, instituted suit against Greenfield and others. In the petition, he alleged that they were heirs at law of David Greenfield, deceased, some of them being executors of the decedent's will and owners of an estate for life in a described tract of land in the City of Atlanta and a building thereon; that the duty of the executors was to keep the property together and manage and control it during the lives of the defendants, and that the defendants had the management and control of the property; that upon the defendants' lot and next to the line between it and an adjoining lot belonging to others there was, for a distance of about 150 feet, a ventilation pit or air shaft from three to five feet wide and from eight to twelve feet deep, that the pit or shaft constituted at night a dangerous menace and a nuisance to the users and occupants of the adjoining lot and those lawfully upon the lot; that on the adjoining lot there was a lunch or restaurant stand which ran back about fifteen feet; that the plaintiff, while lawfully upon the adjoining lot at night, went back of the lunch stand for the purpose of getting a milk bottle which

was on the lot, and that, while on a well-defined path back of the lunch stand on the lot adjoining the defendants' lot, he deviated from the path by making a misstep, and fell into the pit on the defendants' lot and was injured; that the plaintiff "was not familiar with the condition of the land and the danger of said pit or air shaft;" and that the defendants were negligent in maintaining the excavation or pit on their lot immediately abutting the adjoining lot, and in maintaining said pit or shaft without a fence or guard-rail to prevent others from falling into it. A general demurrer to the petition was sustained, and the plaintiff excepted.

It is a well-established doctrine that the owner of premises must exercise ordinary care to keep the premises in such condition that they will not by reason of any situation or instrumentality thereon cause injury to any person lawfully and rightfully upon the premises. Civil Code (1910), § 4420; *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161 (59 S. E. 442). Thus, where the owner of premises negligently maintains thereon a pit or dangerous excavation immediately adjacent to a path or walkway upon the premises and a person passing along the walkway, while in the exercise of due care and without fault, falls into the excavation and is injured, the owner is liable therefor. *Etheredge* v. *Central of Ga. Ry. Co.*, 122 *Ga.* 853 (50 S. E. 1003).

The liability of a landowner, who negligently maintains an excavation upon the premises, to a person who, without fault, while lawfully upon the premises adjacent to the excavation and passing thereby, falls into the excavation is not dependent upon the fact that the person injured at the time is on the premises of the owner, but upon the fact that he is lawfully and rightfully upon the premises, whoever owned them, immediately adjacent to the excavation and from which he falls into the excavation. Thus, where the owner of premises negligently maintains an excavation immediately adjacent to a street or sidewalk, into which a person while passing along the sidewalk, in the exercise of ordinary care, might fall and be injured, the owner may be liable in damages for the injury. It would seem, therefore, that where the owner of premises negligently maintains a pit or excavation upon his land immediately adjacent to and abutting adjoining premises, and which, as a lot in a city upon which business is conducted, is in continuous use, and a person lawfully upon the adjoining premises

in passing thereon immediately adjacent to the excavation, at night and without knowledge of the excavation and without fault on his part, makes a misstep and falls into the excavation and is injured, the owner of the premises containing the excavation is liable in damages for the injury. It is stated in 45 C. J. 868, § 292, that "A person responsible for a place, agency, instrumentality, or operation which is dangerous and likely to cause injury or damage to persons or property lawfully in its proximity is charged with the duty of taking due and suitable precautions to avoid injury or damage to such persons or property, and his failure to take such precautions constitutes negligence." In section 295 it is stated that "A person responsible for a dangerous place or instrumentality must guard, cover, or protect it for the safety of persons or animals rightfully at or near it, and his failure to do so is negligence, rendering him liable to a person who, without fault on his part, is injured as a result thereof." *Columbus Grocery Co.* v. *Green,* 47 *Ga. App.* 197 (170 S. E. 205) ; *Nashville &c. Ry. Co.* v. *Cook,* 177 *Ga.* 196 (170 S. E. 28).

The petition set out a cause of action and the court erred in sustaining the general demurrer thereto. The petition sufficiently alleged wherein the defendants were negligent, and the court erred in sustaining the special demurrer based upon the ground that it did not appear from the petition in what respect the defendants were negligent or wherein the pit or air-shaft was negligently constructed.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*