### 25426.   GREENFIELD, executor, *et al. v.* WATSON *et al.*

DECIDED JUNE 18, 1936.    ADHERED TO ON REHEARING JULY 30, 1936.

*Harold Hirsch, Marion Smith, Welborn B. Cody, Edward L. Cody,* for plaintiffs in error.

*Augustine Sams, Guillebeau & Methvin, Maddox & Futral,* contra.

*Harwell & Barrett, Lovejoy Harwell,* as amici curiæ.

JENKINS, P. J.    ■    "If upon the premises of an owner situated in dangerous proximity to a public thoroughfare there be an excavation into which persons passing along the thoroughfare, in the exercise of ordinary care, might casually fall, it is the duty of the owner of the premises so to inclose the same as to afford reasonable immunity against the danger which might otherwise probably result from its existence. Whatever may be the duty of an owner of premises with reference to persons who unlawfully intrude thereon, such owner has no right to maintain upon his premises any dangerous nuisance which might imperil the lives of those persons who from lawful necessity or convenience might pass along, and by accident or some superior force, and without fault upon their part, fall or be thrown from the sidewalk or from a public thoroughfare into such excavation. A man must so guard his premises situated immediately adjacent to a public highway, as that one who of necessity deviates slightly therefrom may not be injured." *Hutson* v. *King,* 95 *Ga.* 271 (22 S. E. 615). "The

distance from the highway to that which caused the injury will in many cases determine whether there was a duty to guard the highway. When the adjacent land is level or practically so, and that which caused the injury is so far removed that a traveler in the exercise of due care would not have been injured thereby, no duty to the traveler would arise. Where the land is precipitous, a duty to the traveler arises where under other conditions no duty would arise." *City Council of Augusta* v. *Dozier,* 126 *Ga.* 524 (55 S. E. 234); *N., C. & St. L. Ry.* v. *Cook,* 177 *Ga.* 196, 199-201 (170 S. E. 28). If a hole on the property of a landowner becomes perilous to travelers on a highway, it makes no difference whether it already pre-existed on the land, or whether it was created by the direct act of the landowner, for it is his duty not only not negligently to create such a danger, but not negligently to maintain it. See *So. Ry. Co.* v. *Autry,* 36 *Ga. App.* 552 (137 S. E. 414). But "the owner of land traversed by a public highway is under no duty to a traveler along the highway to maintain in a safe condition for travel the abutting premises at a point such a distance from the highway that it can not be reached by the ordinary deviations from the highway incident to careful traveling thereon, but can only be reached by a traveler who has, negligently and in a manner oblivious of his own safety, completely abandoned the highway and gone over onto the abutting premises." *Poole* v. *So. Ry. Co.,* 34 *Ga. App.* 290 (3) (129 S. E. 297). "It has been declared that there is no logical difference between dangerous excavations adjoining highways and those adjoining much-traveled and commonly-used private ways." 45 C. J. 858-861, and cit. Where a railroad landowner itself "constructed a paved roadway or driveway leading from the end of [a] public street up to its track, and the physical surroundings and circumstances were such that a jury would be authorized to find that a stranger passing along the street on a rainy night might, while in the exercise of ordinary care, believe that such privately-owned roadway or driveway was but a continuation of the public street, and thus be reasonably misled into driving thereon in an effort to cross the railroad," and he fell into an unprotected and unlighted cut at its terminus, the landowner has been held liable, under the theory that its acts "amounted to an implied invitation . . to enter upon its premises; and such being the case, it was incumbent upon the defendant to use reason-

able and ordinary care in keeping the premises and approaches safe." *Williamson* v. *So. Ry. Co.*, 42 *Ga. App.* 9 (155 S. E. 113). But where a traveler leaves a publicly-used passageway and is injured some distance therefrom, the landowner is not liable. *Etheredge* v. *Central of Ga. Ry. Co.*, 122 *Ga.* 853 (2), 855 (50 S. E. 1003). These restrictions and limitations on the liability of a landowner to persons traveling upon or close to public streets and highways and publicly-used private ways have not been extended in this State, but have been narrowed particularly in cases of owners of railroads with cuts or excavations running parallel to public highways. *King* v. *Central of Ga. Ry. Co.*, 107 *Ga.* 754 (33 S. E. 839); *Collier* v. *Georgia Railroad*, 76 *Ga.* 611. As to additional authorities holding that the depression or excavation must adjoin or be closely adjacent to a public street, sidewalk, or highway, or a much traveled and commonly used private way, or land dedicated to the use of the general public such as a recreation park, see *Kohn* v. *Lovett*, 44 *Ga.* 251; *Todd* v. *Armour*, 44 *Ga. App.* 609 (162 S. E. 394); *Smith* v. *Seawright*, 33 *Ga. App.* 336 (126 S. E. 301); Kleinberg *v.* Schween, 134 App. Div. 493 (119 N. Y. Supp. 239); Carroll *v.* State, 153 App. Div. 514 (138 N. Y. Supp. 442); notes in 14 A. L. R. 1397-1417; 26 L. R. A. 686-693; 45 C. J. 740, 750, 753, 857-861. As to the absence of liability by a landowner to the owner of an adjoining lot, his invitees, or even to the public, where the depression constituting a dangerous nuisance, and causing the injury on property of the landowner, was not created by the landowner, but solely by the owner of the adjoining lot in raising the level of his lot, and where the depression did not adjoin and was not closely adjacent to a sidewalk, street, highway, or a private way frequented by the public, or public property, see also Schimberg *v.* Cutler (C. C. A.), 142 Fed. 701; and cit., 14 A. L. R. 1412, 26 L. R. A. 693.

■ Under the foregoing principles, the verdict in favor of the plaintiff against the landowners in the instant case was contrary to law, because it was without evidence to support it, where, under the undisputed testimony, the injury occurred by a fall from a privately-owned parking lot, and at least twenty-five or thirty feet from a public street, while the plaintiff at night was preparing to enter a parked automobile; where he fell from the adjoining retaining wall on the parking lot to the bottom of a ten-foot depres-

sion used by the landowners for light-and-air ventilation of a building on their own lot adjoining the side of the parking lot; where this depression on the lot of the defendant landowners did not result from any act by them, but was created solely by the act of the owner of the adjoining parking lot in filling in with dirt and raising the level of the parking lot to even it with the top of the wall; where the defendant landowners neither owned nor maintained any part of the wall from which the plaintiff fell, but merely by written agreement permitted the parking-lot owner to construct on the lot of the defendants a cement brace to prevent the wall from toppling or leaning over on the lot of the defendants, with a provision that no right or easement would ever be claimed by reason of such permission; where, although the defendants knew that the adjoining lot "was being used as a parking lot where people parked automobiles" and knew as to its being filled in, they "never saw the lot at night;" and where there was no testimony that the plaintiff fell from a place upon or in close proximity to a street, public highway, generally-used private way, or public property, along or closely adjacent to the retaining wall. This case is not controlled by *Cox* v. *Greenfield,* supra, but is distinguished therefrom by the particular averment of the petition in that case that the injury occurred at night on the lot of these defendants, which is the lot here involved, by the plaintiff "making a misstep" while "on a *well-defined path* back of" a restaurant or lunch-stand, then on this parking lot, where he was walking for the purpose of getting a bottle of milk at the restaurant. Upon general demurrer, a prima facie case of liability thus appeared from the pleading, under the principle stated with regard to private ways in public or common use adjoining a pitfall on the property of the landowner. Since these facts do not appear in the instant case, the *Cox* case will not be extended to cover the present entirely different situation.

*Judgment reversed. Stephens and Sutton, JJ., concur.*