27872.   WRIGHT *v.* SOUTHERN RAILWAY CO. *et al.*

DECIDED FEBRUARY 7, 1940.   REHEARING DENIED MARCH 23, 1940.

*Maddox & Griffin,* for plaintiff.

*Matthews, Owens & Maddox, Lanham & Parker,* for defendants.

GUERRY, J.   Wright brought an action for damages against Southern Railway Company and the City of Rome.   He alleged that North Avenue is a public street in the City of Rome and

intersects the right of way of the railway company at right angles, the street going under the railroad tracks in an underpass, and that as a part of said underpass concrete walls had been constructed on the side, with the railroad tracks above and across the street. The tracks approach the street on either side thereof by means of a fill some twenty feet higher than the street, which fill stops the natural flow of water on the east side of the fill and causes it to flow into a ditch immediately next to said fill on said right of way, and then in a northerly direction along said fill and right of way to said street. At the intersection of the street and the ditch the railway has constructed, to carry off said water, a culvert eight and one-half feet wide, and eleven and one-half feet deep, and approximately twenty feet long. This culvert goes under the street for its entire width. As a result of the construction of this culvert a deep chasm is created at the edge of the street, eleven and one-half feet deep and eight and one-half feet wide. There were no guard rails, barriers, or anything else erected to prevent persons walking along said street from inadvertently falling or stumbling therein. The city had built a curb and guttering on the south side of the street, parallel thereto, four and one-half inches higher than the traveled portion of the street, which curb was twenty-six inches from the edge of the culvert, and had placed no light there to indicate the edge of the culvert. At the time of the injury complained of, the city had dug a ditch in the center of the street and had left it open, and in doing so had thrown all of the dirt therefrom onto the south side of the street along said ditch, making in the street an embankment two feet high and leaving only seven feet open for travel on the south side of the street. There were no sidewalks along this street. The plaintiff alleged that while he was walking along said street at night in an easterly direction, and when he had reached the intersection of the street, the right of way, and the culvert, he met an automobile going in a westerly direction at a speed of fifty miles per hour, and that to avoid being struck by the automobile he stepped to his own right and to the south side of the street, and when he did so he was precipitated into said culvert and sustained injury; further, that there was no guard rail on the side of the street, or anything else to warn the plaintiff of the existence of the hole. The court sustained the general demurrer filed by the railroad, and the plaintiff excepted.

The main contention raised by the demurrer was that the allegations of negligence charged against the railroad were not the proximate cause of the injury. It appears from the petition that the culvert was twenty-six inches wider that the street, and that there had been erected by the city a curbing four and one-half inches high along said street and twenty-six inches from the edge of the culvert, and that there was no sidewalk outside said curbing.

There is a duty on the part of a landowner not to maintain on his premises a dangerous excavation so that persons passing along a street immediately adjoining may not be injured while in the exercise of ordinary care, or where by necessity or accident they slightly deviate from such street or walkway. *Greenfield* v. *Watson*, 54 *Ga. App.* 9 (187 S. E. 183). Where an owner of premises allows an excavation to be placed in dangerous proximity to a thoroughfare, so that persons in the exercise of ordinary care may casually fall therein, it is the duty of such owner to inclose the same so as to afford reasonable immunity against the danger. *Hutson* v. *King*, 95 *Ga.* 271 (22 S. E. 615). When the adjacent land is level or approximately so, and that which caused the injury is so far removed that a traveler in the exercise of ordinary care would not have been injured thereby, no duty to such traveler arises. *City Council of Augusta* v. *Dozier*, 126 *Ga.* 524 (55 S. E. 234). How far is "so far" is a question that depends on the circumstances of the particular case, and can not be solved by this court on demurrer. In ordinary cases the jury determines questions such as this. We can not say, as a matter of law, that a culvert eleven and one-half feet deep within twenty-six inches of the curbing of a street is so far removed therefrom that a slight or casual deviation by a traveler who falls therein would not make such owner liable where such excavation is unguarded in any manner. It becomes another matter, however, when such traveler does not inadvertently or casually step aside from the street or walkway, but is forced or driven from the street by the negligence of a third person. It then becomes a question whether we may say as a matter of law that the negligence of the owner of the adjoining premises was a proximate cause of the injury. It is not alleged that the railroad was in any way responsible for the ditch along the center of the street which narrowed the use of the street to a seven-foot way along the south side thereof, or that it had

notice of any unusual situation created by the act of the city, or that such action by the city should have been anticipated or foreseen by the railroad. Nor could the negligent act of the driver of the car in speeding along said seven-foot street at fifty miles an hour have been in any manner attributed to the defendant railroad.

The question presented here is, was the alleged wrongful act of the railroad in not placing guard rails on the road next to the culvert—conceding that such failure was negligence—the proximate cause of the injury? As was said by Judge Powell in *Atlantic Coast Line R. Co.* v. *Daniels,* 8 *Ga. App.* 775, 779 (70 S. E. 203), "Though negligence is discovered in relation to one of the causes which have preceded the injurious effect, it does not follow that the author of the negligence is to be held legally responsible for the injury, . . it may appear that causes other than the negligent one referred to so preponderated in bringing about the result as to lead us to say, from a human point of view, that the injury was just as likely to have ensued (with only its details somewhat varied, perhaps) if the negligent thing had not occurred. In such cases we exempt the author of the negligence from liability." We may say in this case that if the plaintiff, while walking along this street, had casually or inadvertently stepped off said street and into an excavation that was in dangerous proximity to such street, and in so doing was himself in the exercise of ordinary care, liability would exist as against the defendant. If he walked off the street and into an excavation in close proximity thereto without looking where he was going or exercising ordinary care, the owner of the premises would not be liable. If, however, as is alleged here, an unusual and negligent condition had been created in the street by the city, and a driver of an automobile caused the plaintiff to leave the street and step to one side without looking or seeing where he was going, we may say that the intervening acts of negligence of the city and the driver of the automobile were the proximate and preponderating causes of the injury, for they upset the normal course of events and the action or behavior of the plaintiff. He would not otherwise have stepped from the street and into the excavation twenty-six inches distant.

"By proximate cause is not meant the last act or cause, or the nearest act to the injury, but such act wanting in ordinary care as actively aided in producing the injury as a direct and existing

cause." *Southern Railway Co.* v. *Tankersley,* 3 *Ga. App.* 548, 552 (60 S. E. 297). "It is no defense, in an action for an injury resulting from negligence, that the negligence or wilful wrong of third persons, or an inevitable accident, or an inanimate thing *contributed* to the cause of the injury, *if* the negligence of the defendant was an *efficient* cause, without which the injury would not have occurred. A juridical cause need not be the sole cause." (Italics ours.) 1 Jaggard on Torts, 67, 68. As was said in *Southern Railway Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109), "If the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrongdoer, the causal connection is not broken, and the original wrongdoer is responsible for all of the consequences resulting from the intervening act." We quote further from pages 155 and 156 of the opinion: "'A natural consequence is one which has followed from the original act complained of, in the usual, ordinary, and experienced course of events; . . natural consequences, however, do not necessarily include all such as upon a calculation of chances would be found possible of occurrence, or such as extreme prudence might anticipate, but only those which ensue from the original act without any such extraordinary coincidence or conjunction of circumstances as that the usual course of nature should seem to have departed from. . . It is not intervening *consequences,* but intervening *causes* which relieve.'" The true rule seems to be that in determining the proximate cause the injury must be the natural and probable consequence of the negligent act complained of, and such a consequence as under the circumstances of the case might and ought to have been foreseen by the wrongdoer as likely to flow from his act. *Mayor & Council of Unadilla* v. *Felder,* 145 *Ga.* 440 (89 S. E. 423); *Beckham* v. *Seaboard Air-Line Railway,* 127 *Ga.* 550 (56 S. E. 638, 12 L. R. A. (N. S.) 476); *Bowers* v. *Southern Railway Co.,* 10 *Ga. App.* 367 (73 S. E. 677); *Perry* v. *Central Railroad,* 66 *Ga.* 746; *Andrews* v. *Kinsel,* 114 *Ga.* 390 (40 S. E. 300, 88 Am. St. R. 25). The following occurs in the opinion of *Andrews* v. *Kinsel,* supra, 392: "The rule is aptly and rather quaintly stated in Wharton on Negligence (2d ed.), § 134, in the following language:

'I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor, and insulates my negligence, so that I can not be sued for the mischief which the person so intervening directly produces.'"

While it is true that diligence or negligence or proximate cause is a question for a jury, we think under the allegations of this petition the plaintiff shows that while the defendant may have been negligent in failing to erect a barrier or guard for its culvert at this particular place, and would have been liable to the plaintiff if he had casually or inadvertently walked or fallen into the culvert, it affirmatively appears that he was precipitated into the culvert by the intervening negligent acts of the City of Rome and of the driver of the automobile, and it is not shown that these intervening acts were such as would probably have occurred in the usual, natural, and probable course of events, or that the defendant should have anticipated that such intervening acts would probably or naturally cause the unguarded culvert to result in injury to travelers along the street at this point. Under the facts as pleaded, the negligence of the railway company, while contributing to the injury, did not constitute its proximate and efficient cause. The court did not err in sustaining the demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*