## 54121. HOLCOMBE v. HARRIS.

SHULMAN, Judge.

Plaintiff-appellant, G. E. Holcombe, brought suit against defendant-appellee, Elizabeth Harris, seeking damages for injuries sustained when, while following an old dirt road on appellee's property, his motorcycle fell into an open mine shaft at the trail's end. Count 1 of the complaint alleged that appellant was a trespasser injured by a mantrap on appellee's property. Count 2 of the complaint alleged that, by reason of appellee's acquiescence to use of the property by the general public for long periods of time, appellant was a licensee. Defendant's motion for summary judgment was granted

as to both counts. This appeal follows. We affirm.

1. The evidence submitted both in support of and in opposition to the motion established that appellant and companions were riding motorcycles on old dirt roads on appellee's land for recreation. The property had been used for mining and the terrain was covered with large holes, ditches and excavations. Appellant was injured when, after taking a fork in the trail onto a path never traveled by appellant, his motorcycle fell into a mine shaft at the trail's end. It was alleged that for a substantial period of time large numbers of the public had entered the property to hunt for rock specimens, look at the excavations and ride motorcycles. Appellee had no actual knowledge of the public's use of the property. Appellee had given neither her permission nor consent for entry.

In *Etheredge v. Central of Ga. R. Co.*, 122 Ga. 853 (1) (50 SE 1003), our Supreme Court held that "[c]onsent of an owner of land for the public to use as a passageway a path across his land may be inferred from the fact that the path has been, for some time in the past, continuously used by the public for this purpose without objection from the owner; and from such implied consent a duty arises to protect persons using the path against hidden dangers which may be incurred by such use." Appellant urges that *Etheredge* is controlling and precludes granting a motion for summary judgment in appellee's favor. See also *Cox v. Greendield*, 50 Ga. App. 699 (179 SE 178).

The facts and circumstances surrounding appellee's injury are not controlled by the rule announced in *Etheredge,* supra. This is simply not a case of an injury resulting from a misstep or slight deviation into an excavation bordering a much traveled and commonly-used private way transversing the property. Cf. *Ga. Power Co. v. Murray,* 57 Ga. App. 141, 146 (194 SE 403).

The paths on the property were not used by appellant or by the general public in the ordinary course of travel. See *Frankum v. Farlinger,* 35 Ga. App. 305 (1) (132 SE 923). Appellant was on appellee's property for purely personal recreation and gratification. Appellant deliberately chose to follow a path he had never taken.

2. The elements of legal liability of the owner of

premises for injuries occasioned to persons thereon vary according to status of the person when injured. Appellant was not, and does not contend that he was, an invitee at the time of his injury. *Anderson v. Cooper,* 214 Ga. 164, 169 (104 SE2d 90) (an invitation implied from customary use confers status of invitee only if visitor on premises for real or supposed benefit of owner, or in matter of mutual interest, or in usual course of business, or for performance of some duty). Here, appellant was at best a licensee. See *Cook v. Southern R. Co.,* 53 Ga. App. 723 (2) (187 SE 274). See also Code Ann. § 105-402.

3. "[A]s a general rule, the owner of land is under no duty or obligation to keep the same in a safe condition for the benefit of trespassers, intruders, idlers, bare licensees, or others who come upon it, not by any invitation express or implied, but for their own pleasure, or to gratify their curiosity, however innocent or laudable their purposes may be. As to a licensee, such owner owes no duty as to the condition of the premises, unless imposed by statute, save that he should not knowingly let him run into a hidden peril or wilfully cause him harm. The licensee enters on the land at his own risk, and enjoys the license subject to concomitant perils. [Cits.]" *Cook v. Southern R. Co.,* supra, p. 725; *Brooks v. Logan,* 134 Ga. App. 226 (1) (213 SE2d 916).

4. "[R]estrictions and limitations on the liability of a landowner to persons traveling upon or close to public streets and highways and publicly-used private ways have not been extended in this State, but have been narrowed . . . " *Ga. Power Co. v. Murray,* supra, p. 146, quoting *Greenfield v. Watson,* 54 Ga. App. 9 (187 SE 183).

5. Under the circumstances alleged here, the landowner breached no legal duty owed appellant. "If a hole on the property of a landowner becomes perilous to travelers on a highway, it makes no difference whether it already pre-existed on the land, or whether it was created by the direct act of the landowner, for it is his duty not only not negligently to create such a danger, but not negligently to maintain it. See *So. R. Co. v. Autry,* 36 Ga. App. 552 (137 SE 414). But 'the owner of land traversed by a public highway is under no duty to a traveler along the highway to maintain in a safe condition for travel the

abutting premises at a point such a distance from the highway that it can not be reached by the ordinary deviations from the highway incident to careful traveling thereon, but can only be reached by a traveler who has, negligently and in a manner oblivious of his own safety, completely abandoned the highway and gone over onto the abutting premises.' *Poole v. So. R. Co.,* 34 Ga. App. 290 (3) (129 SE 297)." *Greenfield v. Watson,* supra, p. 11. Therefore, "where a traveler leaves a publicly-used passageway and is injured some distance therefrom, the landowner is not liable. *Etheredge v. Central of Ga. R. Co.,* 122 Ga. 853 (2), 855 (50 SE 1003)." *Greenfield v. Watson,* supra, p. 12. See also *Cook v. Southern R. Co.,* 53 Ga. App. 723, 728, supra, (a pre-existing ditch "certainly would not constitute a mantrap or pitfall" even where path known to be constantly used by licensees or trespassers).

6. "Since the defendant did not owe the [plaintiff] any legal duty which [she] neglected to perform, no action could be maintained against [her] for negligence on [her] part. Actionable negligence does not exist in the absence of the breach of some legal duty. [Cit.]" *Montega Corp. v. Grooms,* 128 Ga. App. 333 (9) (196 SE2d 459). See also *Atlantic C. L. R. Co. v. Parker,* 104 Ga. App. 682 (122 SE2d 481).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977.

*Jeffrey B. Talley, Donald B. Howe,* for appellant.
*Freeman & Hawkins, Paul M. Hawkins, Michael J. Goldman,* for appellee.