## 70934. BETHUNE v. LEAKE et al.
## 70935. INTERNATIONAL PAPER REALTY COMPANY
## v. BETHUNE (two cases).
### (339 SE2d 296)

CARLEY, Judge.

Del Bethune, as next friend of her son William C. Ramey, filed a complaint for damages resulting from injuries sustained by the son when he fell on an iron surveying pin. The pin was allegedly placed by defendant surveyors Robert K. Leake and W. E. Gilbert and Associates, Inc. (Gilbert), at the direction of defendant International Paper Realty Company (International Paper), on the boundary between the land of International Paper and neighboring lots. Bethune appeals from the trial court's grant of summary judgment in favor of Leake and Gilbert. International Paper appeals from the trial court's denial of its motion for summary judgment. The two cases are consolidated for disposition.

1. Bethune contends that the trial court erred in granting summary judgment in favor of defendants Leake and Gilbert because the record contains evidence that they placed the iron pin upon which Ramey was injured on the boundary of International Paper's property. Our review of the record, however, discloses no evidence rebutting Leake and Gilbert's assertion that they used only concrete markers, and not iron pins, in surveying International Paper's property. Summary judgment was thus proper. "A defendant who has cast upon a plaintiff the burden of responding with evidence to create or preserve a genuine issue of fact is entitled to prevail by summary judgment in the absence of any rebuttal evidence. [Cits.]" *Walker v. Hall*, 123 Ga. App. 457, 458 (181 SE2d 508) (1971).

2. International Paper asserts that when Ramey was injured he was, at best, a licensee on its premises and that, therefore, the only duty it owed him was not to willfully or wantonly injure him. Since there is no evidence of willfullness or wantonness of record, International Paper contends that its motion for summary judgment should have been granted. "Where the injury for which a recovery is sought is caused by the dangerous statical condition of the premises, the injury to the licensee has to be occasioned by wilful and wanton negligence." *Leach v. Inman*, 63 Ga. App. 790 (2) (12 SE2d 103) (1940). See also *Brooks v. Logan*, 134 Ga. App. 226, 228 (2) (213 SE2d 916) (1975).

However, it is also the law in this state that " '[a] person responsible for a place, agency, instrumentality, or operation which is dangerous and likely to cause injury or damage to persons or property *lawfully in its proximity* is charged with the duty of taking due and suitable precautions to avoid injury or damage to such persons or property, and his failure to take such precautions constitutes negli-

gence.' . . . 'A person responsible for a dangerous place or instrumentality must guard, cover, or protect it for the safety of persons or animals *rightfully at or near it,* and his failure to do so is negligence, rendering him liable to a person who, without fault on his part, is injured as a result thereof.' [Cits.]" (Emphasis supplied.) *Cox v. Greenfield,* 50 Ga. App. 699, 701 (179 SE 178) (1934). Thus, "[w]ith reference to uninclosed premises . . . , if upon such premises the owner shall maintain a dangerous nuisance in *such situation* as that persons lawfully entering thereon, without fault upon their own part, suffer injury, he is answerable in damages." (Emphasis supplied.) *Hutson v. King,* 95 Ga. 271, 274 (22 SE 615) (1894). "[W]hatever may be the duty of an owner of premises with reference to persons who unlawfully intrude thereon, such owner has no right to maintain upon his premises any dangerous nuisance which might imperil the lives of those persons who from lawful necessity or convenience might pass along, and by accident or some superior force, and without fault upon their own part, fall or be thrown from the sidewalk or from a public thoroughfare into such [dangerous nuisance]. A man must so guard his *premises situated immediately adjacent* to a public highway, as that one who of necessity deviates slightly therefrom may not be injured." (Emphasis supplied.) *Hutson v. King,* supra at 276. This theory of liability is not necessarily limited to landowners whose property adjoins a public highway. The theory is applicable to a landowner who maintains a dangerous nuisance "closely adjacent to a public street, sidewalk, or highway, *or* a much traveled and commonly used private way, *or* land dedicated to the use of the general public such as a recreation park. . . . [Cits.]" (Emphasis supplied.) *Greenfield v. Watson,* 54 Ga. App. 9, 12 (187 SE 183) (1936). Under this theory of recovery, "[t]he liability of a landowner . . . is not dependent upon the fact that the person injured at the time is on the premises of the owner, but upon the fact that he is lawfully and rightfully upon the premises, whoever owned them, immediately adjacent to the [dangerous nuisance] and from which he falls into the [dangerous nuisance]." *Cox v. Greenfield,* supra at 700.

When the evidence in the instant case is construed as is required on motion for summary judgment, International Paper failed to show that no genuine issue of material fact remains with regard to its maintenance of a dangerous nuisance in close proximity to the adjoining property where Ramey was lawfully and rightfully located when he fell into the iron pin and was thereby injured on appellant's property. Accordingly, notwithstanding any issue concerning the status occupied by Ramey when he "entered" International Paper's property, the trial court did not err in denying the motion for summary judgment. See generally *Cox v. Greenfield,* supra. Compare *Holcombe v. Harris,* 143 Ga. App. 173 (237 SE2d 677) (1977); *Brooks v. Logan,* supra.

*Judgments affirmed. Banke, C. J., Deen, P. J., McMurray, P. J., and Benham, J., concur. Birdsong, P. J., Sognier, Pope and Beasley, JJ., dissent.*

BIRDSONG, Presiding Judge, dissenting.

I would reverse Case No. 70935. The facts clearly show that the plaintiff's injuries were not the result of a wilful or wanton act on the part of International Paper Realty Company. In my opinion, the plaintiff was a trespasser, and the standard of care owed to a trespasser is not to wilfully or wantonly injure him. Regardless of whose land upon which Ramey was trespassing, he was still a trespasser entitled to the lesser standard of care. *Holcombe v. Harris*, 143 Ga. App. 173, 175 (3) (237 SE2d 677); *Handiboe v. McCarthy*, 114 Ga. App. 541 (151 SE2d 905). There is no evidence of wilful or wanton negligence on the part of the appellant or any other landowner.

I respectfully dissent. I am authorized to state that Judge Sognier, Judge Pope and Judge Beasley join in this dissent.

DECIDED NOVEMBER 22, 1985 —
REHEARING DENIED DECEMBER 19, 1985 — 

*Alvin G. Wells, Jr.*, for appellant.
*Wilson R. Smith, R. Stephen Sims*, for appellees.