43092. INTERNATIONAL PAPER REALTY COMPANY
v. BETHUNE.
(344 SE2d 228)

GREGORY, Justice.

Del C. Bethune, as next friend for her son William Ramey, filed this action for damages against International Paper Realty Corporation (International Paper) and surveyors Robert Leake and W. E. Gilbert. Bethune alleged Ramey was injured when he fell on an iron surveying pin which Leake and Gilbert had put in place to mark the boundary between property owned by International Paper and third parties. Bethune maintained in her complaint that Ramey was playing upon public lands adjacent to those owned by International Paper

at the time of the injury.

The defendants moved for summary judgment. The trial court granted the motions of Leake and Gilbert, but denied the motion of International Paper. The Court of Appeals affirmed both judgments. *Intl. Paper Realty Co. v. Bethune*, 177 Ga. App. 330 (339 SE2d 296) (1985). We granted International Paper's petition for certiorari, and now affirm the judgment of the Court of Appeals.

Contrary to International Paper's argument, this case does not turn on the issue of a landowner's liability to invitees, licensees or trespassers who go upon his property and are injured there. (For an analysis of the landowner's duties to these persons, see Restatement of the Law Second, Torts, §§ 328-350.) As the Court of Appeals pointed out, this case involves a claim against a landowner whose land is immediately adjacent to a public way. Such a landowner may not, without incurring a duty, maintain an artificial condition so situated that persons lawfully using the public way may, by accident or some force not their own fault, fall upon and be injured by the artificial condition. *Hutson v. King*, 95 Ga. 271 (22 SE 615) (1894); *City Council of Augusta v. Dozier*, 126 Ga. 524 (55 SE 234) (1906); *Nashville, Chattanooga & St. L. R. Co. v. Cook*, 177 Ga. 196 (170 SE 28) (1833). If an artificial condition exists under these circumstances, the landowner owes a duty of due care to guard, cover or protect it for the safety of those on the public way. *Cox v. Greenfield*, 50 Ga. App. 699 (179 SE 178) (1935); *Ga. Power Co. v. Murray*, 57 Ga. App. 141 (194 SE 403) (1937); Restatement of the Law Second, Torts, § 368. Furthermore, the owner of land so situated must take into account the tendency of children to deviate from a public way. Restatement of the Law Second, Torts, § 369.

Where the alleged artificial condition is a steel rod driven into the ground with some two inches protruding above ground, a jury must decide if it involves an unreasonable risk to persons situated such as the plaintiff, and whether defendant realized or should have realized that it involved such an unreasonable risk. Restatement of the Law Second, Torts, §§ 368, 369. Therefore, the Court of Appeals was correct in affirming the denial of International Paper's motion for summary judgment.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., Clarke, P. J., and Weltner, J., who dissent.*

CLARKE, Presiding Justice, dissenting.

Although the majority correctly states the law with respect to the maintenance of a dangerous instrumentality adjacent to a public way, I must respectfully dissent because I do not believe the facts in this case authorize the conclusion reached. The result of the majority depends upon the holding that an ordinary iron pin placed in an ordi-

nary manner to mark a property corner constitutes a dangerous nuisance. I would not so hold.

Cases relied upon involve an open cellar adjacent to a sidewalk, a ravine converted into a reservoir adjacent to a public road without fence or guardrail, and an excavation adjacent to a public way. *Hutson v. King*, 95 Ga. 271 (22 SE 615) (1894); *City Council of Augusta v. Dozier*, 126 Ga. 524 (55 SE 234) (1906); *Nashville, Chattanooga & St. L. R. Co. v. Cook*, 177 Ga. 196 (170 SE 28) (1833).

Careful reading of these three cases leads one to the conclusion that the act complained of must be more than the installation and maintenance of a surveyor's pin. The phrase used in *Hutson* is not "dangerous instrumentality," but rather "dangerous nuisance." This is not contradicted in either *Dozier* or *Cook*.

All three of the cases clearly infer that in order to be a dangerous nuisance the condition must possess some characteristic of inherent danger. *Hutson* announces the following rule: "Whatever may be the duty of an owner of premises with reference to persons who unlawfully intrude thereon, such owner has no right to maintain upon his premises any dangerous nuisance which might imperil the lives of those persons who from lawful necessity or convenience might pass along, and by accident or some superior force, and without fault upon their own part, fall or be thrown from the sidewalk or from a public thoroughfare into such excavation. A man must so guard his premises situated immediately adjacent to a public highway, as that one who of necessity deviates slightly therefrom may not be injured." *Hutson v. King*, supra at 276. *Dozier* states the rule thusly: "An owner of land abutting upon a highway is liable to travelers for injuries resulting from the maintenance of those things upon his property which are likely to render travel upon the highway unsafe." *City Council of Augusta v. Dozier*, supra at 526. *Cook* states the rule in the same language. I do not feel that a surveyor's iron pin falls in the same category with those conditions.

The record in this case indicates the iron pin in question to have been a steel reinforcing rod and to have protruded above the ground a distance of approximately two inches. There is no evidence of any remarkable characteristics. Iron pins are a common and useful means of identifying property corners and they and other similar monuments serve a useful purpose. The installation and maintenance of permanent monuments identifying land corners even preserves the good order of society itself. From earliest times the law not only authorized but protected landmarks. Interference with landmarks of another was a violation of the Mosaic law. See Deuteronomy 19:14; 27:17; Job 24:2; Proverbs 22:28, 23:10. Being a protected instrument, an iron pin cannot be compared with an unguarded waterfilled ravine, an excavation, or an open cellar adjacent to a sidewalk. It does not amount to a nui-

sance and is not inherently dangerous. To hold otherwise will deter the important practice of clearly marking landlines.

I am authorized to state that Chief Justice Marshall and Justice Weltner join in this dissent.

DECIDED JUNE 10, 1986.

*Newton, Smith & McIntyre, Wilson R. Smith,* for appellant.
*A. G. Wells, Jr., R. Stephen Sims,* for appellee.