A93A0486. WILBANKS et al. v. ECHOLS et al.
(433 SE2d 134)

</div>

POPE, Chief Judge.

The record in this case shows that plaintiff James Wilbanks, a

volunteer firefighter with the Paulding County Fire Department, received a call at around 10:30 or 11:00 p.m. on September 7, 1990 concerning a fire at the Wynbrooke Farms Subdivision. Plaintiff drove his truck to the scene of the fire, exited his vehicle and walked across the road toward the fire. However, after plaintiff had crossed the road and as he was proceeding on toward the fire, he fell into a rectangular pit located near or on lot 83 of the subdivision. Estimates concerning the dimensions of the excavated pit varied, but it is undisputed that at the deepest end the pit was approximately 18 feet deep. The estimates concerning the length of the pit ranged from 25 to 40 feet, and its width was approximately 12 feet. The pit had been placed on the property by defendants, who are house builders, for the purpose of disposing of debris from the building site on the lot. There were no lights, markers, barricades or warning signs or structures around the pit.

Plaintiff and his wife ("plaintiffs") filed the present action against defendants seeking to recover for the injuries plaintiff received in the fall and for loss of consortium. This appeal follows the trial court's grant of summary judgment to defendants.

Georgia has adopted the Fireman's Rule which precludes recovery for injuries received by firefighters when they are injured as a result of the negligence that caused them to be called to the scene of the fire. *Bycom Corp. v. White*, 187 Ga. App. 759, 762 (371 SE2d 233) (1988). However, " '[t]his is not to say that firemen or police officers are barred from recovery in all instances in which they are injured by negligent acts. The relevant inquiry is whether the negligently created risk which resulted in the fireman's or policeman's injury was the very reason for his presence on the scene in his professional capacity. If the answer is yes, then recovery is barred; if no, recovery may be had.' [Cit.]" Id. at 762.

In this case plaintiff was injured not by reason of the fire but when he fell into an open excavation while trying to get to the fire. Thus we agree with plaintiffs that they are not automatically precluded from recovery in this case by application of the Fireman's Rule.[1]

Having determined that plaintiff's injuries were caused by events which were extrinsic to the fire's inception, the next step is to ascertain what duty the defendants owed to him. See *Ingram v. Peachtree South, Ltd.*, 182 Ga. App. 367, 368 (355 SE2d 717) (1987). It has long been the rule in Georgia that firefighters who come upon land or enter

---

[1] Plaintiffs also urge that the Fireman's Rule should not bar recovery in this case because plaintiff was an unpaid, volunteer firefighter. However, inasmuch as we have determined that the Fireman's Rule does not bar recovery in this case because plaintiff's injuries were unrelated to the fire or its inception, it is unnecessary for us to address this issue.

premises in their professional capacity occupy the position of licensees. "It seems to be the uniform and universal holding of all the courts that a member of a city fire department enters the premises of another in the exercise of his duty as a licensee, under permission given him by law [cit.], and the decisions of the courts agree that the owner of the premises assumes no duty to the licensee except to refrain from acts of wilful and wanton negligence. [Cits.]" *Todd v. Armour & Co.*, 44 Ga. App. 609 (162 SE 394) (1932). Accord *Baxley v. Williams Constr. Co.*, 98 Ga. App. 662 (106 SE2d 799) (1958). Plaintiffs urge, however, that defendants in this case should be held to a higher standard of care because the portion of the pit into which plaintiff fell was located on the public right-of-way, not on the subdivision lot. As to this issue the record shows that defendant Michael Echols testified in his deposition that before he began excavating the pit, he measured the distance between the roadway and the point at which the excavation began and that he dug the pit 15 feet from the road. Defendant Robert Echols testified in his deposition that the pit was located entirely on the subdivision lot. However, plaintiffs presented an affidavit from a licensed land surveyor that "part of the hole is located on [the subdivision lot] and a part is located on the public right-of-way of a public road known as Picketts Trace." Plaintiffs also presented evidence that plaintiff fell into the portion of the pit located closest to the public road and thus on the public right-of-way.

" 'Where the injury for which a recovery is sought is caused by the dangerous statical condition of the premises, the injury to the licensee has to be occasioned by wilful and wanton negligence.' [Cits.] However, it is also the law in this state that ' "(a) person responsible for a place, agency, instrumentality, or operation which is dangerous and likely to cause injury or damage to persons or property *lawfully in its proximity* is charged with the duty of taking due and suitable precautions to avoid injury or damage to such persons or property, and his failure to take such precautions constitutes negligence.". . . "A person responsible for a dangerous place or instrumentality must guard, cover, or protect it for the safety of persons or animals *rightfully at or near it*, and his failure to do so is negligence, rendering him liable to a person who, without fault on his part, is injured as a result thereof." (Cits.)' (Emphasis supplied.) *Cox v. Greenfield*, 50 Ga. App. 699, 701 (179 SE 178) (1934). Thus, '(w)ith reference to uninclosed premises . . . , if upon such premises the owner [or occupier] shall maintain a dangerous nuisance in *such situation* as that persons lawfully entering thereon, without fault upon their own part, suffer injury, he is answerable in damages.' (Emphasis supplied.) *Hutson v. King*, 95 Ga. 271, 274 (22 SE 615) (1894). '(W)hatever may be the duty of an owner of premises with reference to persons who un-

lawfully intrude thereon, such owner has no right to maintain upon his premises any dangerous nuisance which might imperil the lives of those persons who from lawful necessity or convenience might pass along, and by accident or some superior force, and without fault upon their own part, fall or be thrown from the sidewalk or from a public thoroughfare into such (dangerous nuisance). A man must so guard his *premises situated immediately adjacent* to a public highway, as that one who of necessity deviates slightly therefrom may not be injured.' (Emphasis supplied.) *Hutson v. King*, supra at 276." (Indention omitted.) *Bethune v. Leake*, 177 Ga. App. 330, 331 (2) (339 SE2d 296) (1985), aff'd, 256 Ga. 54 (344 SE2d 228) (1986).

In light of the foregoing, we conclude that a material question of fact remains to be resolved by the factfinder concerning whether the defendants in this case were negligent in placing an unlighted, unmarked and unbarricaded pit on or near the public right-of-way. See also *Wright v. Southern R. Co.*, 62 Ga. App. 316, 318 (7 SE2d 793) (1940) (in which this court noted that it is usually a question of fact concerning whether the excavation is "so far" removed from the public road or street as not to be in dangerous proximity thereto); cf. *Baxley v. Williams*, 98 Ga. App. at 670 (in which this court, in holding that the fireman was not entitled to recover for injuries received when he fell into an excavation while on the premises to fight a fire, noted that "[t]here were no roads, streets, avenues, sidewalks or trails in the vicinity of the alleged excavation." Id.). Consequently, and "notwithstanding any issue concerning the status occupied by [plaintiff James Wilbanks] when he [was injured] the trial court [erred in granting defendants'] motion for summary judgment." *Bethune v. Leake*, 177 Ga. App. at 331.

*Judgment reversed. Birdsong, P. J., concurs. Andrews, J., concurs in judgment only.*

DECIDED JUNE 25, 1993.

*George A. Pennebaker, W. Thomas Cable,* for appellants.
*Smith, Eubanks, Smith & Darden, David P. Hartin, Charles W. Chesbro,* for appellees.